68 S.W.3d 171 (2002)
In the Interest of T.G., S.A.G., G.W.G., G.W.G., S.P.G., D.G., R.G., C.G., A.G., C.G., T.J.G., A.G., AND M.G., Children.
In re Gary W. Gates, Jr., and Melissa Gates, Relators.
Nos. 01-01-00120-CV, 01-01-00520-CV, 01-01-00674-CV.
Court of Appeals of Texas, Houston (1st Dist.).
January 3, 2002.
Rehearing Overruled January 22, 2002.
*173 Jonathan C.C. Day, Houston, Terence L. Thompson, Austin, Roselan M. Thayer, Houston, for appellant.
Randall W. Morse, Richmond, Thomas C. Sanders, Sugar Land, Robert G., Gibson, Jr., Rosenberg, for appellee.
Panel consists of Justices COHEN, HEDGES, and TAFT.

OPINION ON REHEARING
TIM TAFT, Justice.
Gary Gates and Melissa Gates (the Gateses), appellees and relators, have filed a motion for rehearing. We grant rehearing, withdraw our opinion and judgment of November 15, 2001, and issue this new opinion and accompanying judgment in their place.
Appellant, Texas Department of Protective and Regulatory Services (TDPRS) attempts to appeal, in Cause No. 01-01-00120-CV, from two orders of the trial court, which denied TDPRS's pleas to the jurisdiction. Also in Cause No. 01-01-00120-CV, Gary Gates and Melissa Gates (the Gateses or the parents) attempt to appeal from an order of the trial court, which sustained a plea to the jurisdiction by appellee, District Attorney's Office of Fort Bend County.
In an original proceeding for writ of mandamus, Cause No. 01-01-00520-CV, the Gateses challenge an order of the trial court, which denied their motion seeking disclosure of the identity of a confidential informant whose report resulted in a suit by TDPRS against the Gateses for suspected abuse of their children. In another original proceeding for writ of mandamus, Cause No. 01-01-00674-CV, the Gateses challenge an order of the trial court, which granted a protective order in favor of Fort Bend County Child Advocates, Inc., in response to discovery requested by the Gateses. We dismiss the appeals for want of jurisdiction, declare the challenged orders void, and deny mandamus relief.
*174 Underlying Facts and Procedural Background
A. Events Preceding September 28, 2000 Order of Dismissal
TDPRS, represented by the Fort Bend District Attorney, filed an original petition for emergency protection of the Gateses' children and a SAPCR[1] seeking temporary and permanent orders relating to termination of the Gateses' parental rights as to their 13 children. TDPRS supported the petition with an affidavit by a caseworker for Fort Bend County Children's Protective Services (CPS). In attesting to her reasonable belief that the children were in immediate danger to their health and safety, the caseworker described a report, provided to CPS, of (1) suspected emotional abuse of one of the children by the parents, (2) the investigation CPS undertook in response to the report, and (3) an earlier referral to CPS concerning the Gates family.
The children were removed from the Gateses' home temporarily on February 11, 2000, but returned to their conservatorship by order of the trial court on February 15, 2000, after a hearing conducted that day. The trial court's order was issued pursuant to section 262.107 of the Family Code. Tex. Fam.Code Ann. § 262.107 (Vernon 1996). The same order set the case for an adversary hearing in late March. In addition, the trial court signed orders appointing staff and a volunteer of Court Appointed Special Advocates (CASA) of Fort Bend County Child Advocates, Inc., as guardians ad litem for the children.
The Gateses' original answer, filed on February 29, 2000, included a general denial and a request for sanctions under rule 13. See TEX.R. CIV. P. 13. After the trial court referred the case to mediation, the parties executed an "Irrevocable Settlement Agreement," dated March 24, 2000, by which the Gateses, TDPRS, CPS, and the guardians and attorney ad litem agreed to pass the late March hearing and submit themselves and the children to psychological examination for a social study.
On April 18, 2000, the Gateses filed a "Motion to Disclose Confidential Information," seeking the identity of the person who provided the report of suspected emotional abuse on which TDPRS, through CPS, relied in pursuing its investigation of the Gateses. After the trial court set the motion for a hearing on May 3, 2000, TDPRS promptly moved for protection based on the confidentiality of the identity of the reporter mandated by section 261.101(d) of the Family Code. See Tex. Fam.Code Ann. § 261.101(d) (Vernon Supp. 2002).
The social study ordered on March 24, 2000 was completed by the Kerlick Company and filed with the trial court on June 2, 2000. The 25-page report, a product of 125 hours work, concluded by recommending against further court-mandated services and expressed hope that TDPRS would close the case.
On August 16, 2000, the Gateses filed a motion for sanctions against TDPRS, as acting through CPS, and the Fort Bend County District Attorney's Office. This motion sought sanctions under chapter 10 of the Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.Code Ann. §§ 10.001-.002, 10.004 (Vernon Supp.2002). On the same day, TDPRS filed a motion to abate discovery based on a pending mediation scheduled for October 3, 2000. Two days later, Fort Bend County Child Advocates, Inc., and CASA moved to withdraw as guardians ad litem, citing lack of cooperation by the Gateses. The trial court *175 denied that request the same day. TDPRS filed a response to the Gateses' motion for sanctions on September 26, 2000.
On September 27, 2000, TDPRS filed a motion for nonsuit, asserting that, despite resistance from the Gateses, it had accomplished as much as it could. The trial court granted the motion by signing an order dismissing the suit on September 28, 2000.
B. Events Following September 28, 2000 Order of Dismissal
Newly designated counsel for the Gateses filed a notice of appearance on October 6, 2000, and filed a notice of the deposition of designated representatives of Fort Bend County CPS three days later. The mediation scheduled for October 3, 2000 took place as planned. On October 12, 2000, Kathryn M. Holton and John F. Healey, Jr., filed answers to the Gateses' August 16, 2000 motion for sanctions, both individually and as officers of the Fort Bend District Attorney's office, in which they asserted several claims of immunity. On October 12, 2000, TDPRS moved to quash the deposition of CPS on several grounds. In their opposition to the motion to quash, which they filed on October 13, 2000, the Gateses alleged the discovery related to their August 16, 2000 motion for sanctions. The Gateses relied in part on rule 162, which provides that a dismissal on a motion for nonsuit has no effect on a pending claim for sanctions. See Tex.R. Civ. P. 162.
On October 13, 2000, the trial court quashed the deposition of CPS and released Fort Bend County Child Advocates, Inc. and CASA as guardians ad litem for the children. Also on October 13, 2000, TDPRS filed a supplemental response to the Gateses' motion for sanctions, in which TDPRS asserted sovereign immunity and no waiver of immunity for the Gateses' claims under chapter 10 of the Civil Practice and Remedies Code.
On October 27, 2000, the 29th day after the order of dismissal on TDPRS's motion for nonsuit, the Gateses filed the following: (1) a motion for disclosure of confidential information by TDPRS and CPS, again seeking the identity of the reporter of the alleged abuse; (2) an amended motion for sanctions against both TDPRS and CPS, which asserted additional grounds for sanctions under section 105.002 of the Civil Practice and Remedies Code;[2] and (3) a motion for new trial, claiming TDPRS filed its motion for nonsuit to thwart the Gateses' discovery efforts.

Cause No. 01-01-00120-CV
Plenary Power and Power to Sanction
A central issue that underlies the contentions of the parties attempting to invoke this Court's appellate and original jurisdiction is the extent to which, and whether, the trial court retained plenary jurisdiction to award the Gateses sanctions after signing the order of dismissal. We begin by addressing these issues because they are dispositive of our jurisdiction to address all three causes before us.
The judgment that started the timetable governing the trial court's plenary power here is the September 28, 2000 order granting TDPRS's motion for nonsuit. See In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) ("Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal."); see also Lane Bank Equip. Co. v. Smith Southern Equip., Inc., 10 S.W.3d 308, 312 (Tex.2000) (noting that a *176 judgment need not resolve pending sanctions issues to be final); Tex.R. Civ. P. 162 ("A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees, or other costs, pending at the time of dismissal ...").
A trial court retains jurisdiction for a minimum of 30 days after signing a final judgment. See Tex.R. Civ. P. 329b(d) ("[R]egardless of whether an appeal has been perfected," trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.")
Parties may extend the trial court's initial 30 day plenary power to change its judgment by filing an appropriate post-judgment motion within the 30 day period. Lane Bank Equip. Co., 10 S.W.3d at 310. Appropriate motions include a motion for new trial, pursuant to rule 329b(e) of the Rules of Civil Procedure, which the Gateses filed, or a motion to modify, correct, or reform the judgment under rule 329b(g). Lane Bank Equip. Co., 10 S.W.3d at 310; Tex.R. Civ. P. 329b(e), (g). Although any change in the trial court's judgment will restart the appellate-timetable and plenary-power rules under rule 329b(h), a rule 329b motion for new trial or to modify, correct, or reform the judgment, or a motion that has the same effect, is the only means by which a party may extend the appellate timetables and the trial court's plenary power over its judgment. Lane Bank Equip. Co., 10 S.W.3d at 313; see also Butts v. Capitol City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex.1986) (holding that motion to reinstate case dismissed for want of prosecution has same effect as motion for new trial). Amending a rule 329b motion does not extend the trial court's plenary power. See In re Dickason, 987 S.W.2d 570, 571 & n. 4 (Tex.1998) ("Filing an amended motion for new trial does not extend the trial court's plenary power." (quoting from historical note to rule 329b)).[3]
Lane Bank Equipment Company holds that, because granting a motion to incorporate a sanction in a judgment would effect a substantive change in that judgment, a motion for sanctions filed within the 30-day period constitutes a motion to modify under rule 329b(g) for purposes of extending the trial court's plenary power and the appellate timetable. 10 S.W.3d at 312, 314. A trial court may impose sanctions, therefore, provided it retains plenary jurisdiction. See id.; In re Bennett, 960 S.W.2d at 38; Scott & White Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996).
A. Plenary Power and, thus, Power to Sanction Extended
The 30-day deadline for rule 329b motions expired here on Monday, October 30, 2000, because the 30th day, October 28, 2000, fell on a Saturday. See Tex.R. Civ. P. 4, 329b(e). On October 27, 2000, the Gateses timely filed two motions that extended the trial court's plenary power over the September 28, 2000 order of dismissal. The first was their motion for new trial. Although it is undisputed the Gateses filed the motion solely to extend the trial court's plenary power, a party has an absolute right to file a motion for new trial for that purpose alone. Old Republic Ins. Co. v. Scott, 846 S.W.2d 832, 833 (Tex. 1993). As Lane Bank Equipment Company *177 has now clarified, the Gateses' amended motion for sanctions also extended the trial court's plenary power over the judgment of dismissal. 10 S.W.3d at 312, 314.[4]
B. Plenary Power and, thus, Power to Sanction Expired on January 11, 2001
Once extended by a timely filed rule 329b motion, the trial court's plenary power extends until 30 days after the motion is overruled, whether by written order or by operation of law. Tex.R. Civ. P. 329b(e); Faulkner v. Culver, 851 S.W.2d 187, 188 (Tex.1993). When, as here, the trial court does not rule expressly on a rule 329b motion, the motion becomes overruled as a matter of law on the 75th day after the judgment was signed. Tex.R. Civ. P. 329b(b); Cecil v. Smith, 804 S.W.2d 509, 511 (Tex.1991). The Gateses' motion for new trial and their amended motion for sanctions, both timely filed on October 27, 2000, thus became overruled as a matter of law on December 12, 2000.
The trial court continued to retain plenary jurisdiction for an additional 30 days to change those rulings, either by granting a motion for new trial or by modifying, correcting, or reforming the judgment by awarding sanctions. See Thomas v. Oldham, 895 S.W.2d 352, 356 (Tex.1995); Philbrook v. Berry, 683 S.W.2d 378, 379 (Tex.1985). Despite conducting hearings on several matters on November 1 and December 14, 2000, the trial court signed no additional orders in the 30 days after December 12, 2000. Accordingly, on the 105th day after the judgment of dismissal, here January 11, 2001, the trial court lost plenary power over the judgment of dismissal. See TEX.R. CIV. P. 329b(e), (g); Philbrook, 683 S.W.2d at 379.
C. Consequences of Plenary Power's Expiring on January 11, 2001
Judicial action taken after the trial court's plenary power has expired is void. See State ex. rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex.1995); see also Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex.1990) (defining a void judgment as one rendered when a court has no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court). A party affected by void judicial action need not appeal. State ex rel. Latty, 907 S.W.2d at 486. If an appeal is taken, however, the appellate court may declare void any orders the trial court signed after it lost plenary power over the case. Id.
Because the trial court lost plenary power over the September 28, 2000 order of dismissal here on January 11, 2001, any orders the trial court signed after January 11, 2001 are void. State ex rel. Latty, 907 S.W.2d at 486. Although the appellate court may declare post-plenary-power orders void, appeals from void orders must be dismissed. See id.
1. Challenge by TDPRS to Denials of its Pleas to the Jurisdiction
In Cause No. 01-01-00120-CV, TDPRS appeals from the denials of its pleas to the trial court's jurisdiction to consider the Gateses' claims for sanctions against TDPRS. On January 25, 2001, and thus after the trial court lost plenary power over the September 28, 2000 order of dismissal, *178 the trial court signed an order overruling TDPRS's plea to the jurisdiction. Also on January 25, 2001, TDPRS filed a notice of interlocutory appeal to challenge this ruling. On February 21, 2001, the trial court signed findings of fact and conclusions of law, as requested by the Gateses, which recite the trial court's conclusion that it retained jurisdiction to consider the Gateses' sanctions claim. TDPRS filed a second plea challenging the trial court's jurisdiction to consider the Gateses' claims for sanctions against TDPRS on February 27, 2001. The trial court overruled the second plea on March 2, 2001, and TDPRS filed an additional notice of interlocutory appeal to challenge that ruling on March 16, 2001.
As stated above, any orders the trial court signed after January 11, 2001 are void because the trial court's plenary power over the September 28, 2000 order of dismissal had expired on January 11, 2001. We therefore declare the following orders void and dismiss the TDPRS's attempted interlocutory appeals from those orders: (1) the order overruling TDPRS's plea to the jurisdiction, signed on January 25, 2001, and (2) the order overruling TDPRS's second plea to the jurisdiction, signed on March 2, 2001.[5] We further declare void the trial court's findings of facts and conclusions of law signed on February 21, 2001.
We dismiss the appeal by TDPRS in Cause No. 01-01-00120-CV.
2. Challenge by Gateses to Order Sustaining Pleas to the Jurisdiction by District Attorney's Office of Fort Bend County
Also in Cause No. 01-01-00120-CV, the Gateses challenge the trial court's order of March 2, 2001, which sustained the plea to the jurisdiction filed by the District Attorney's Office of Fort Bend County, from which the Gateses attempted to appeal by filing a notice of "accelerated" appeal on March 19, 2001. As stated above, the trial court lost plenary power over the September 28, 2000 order of dismissal on January 11, 2001, and any orders signed after January 11, 2001 are therefore void. Accordingly, we declare the trial court's March 2, 2001 order void for that reason.
We dismiss the Gateses' attempted accelerated appeal in Cause No. 01-01-00120-CV.[6]

Cause Nos. 01-01-00520-CV and 01-01-00674-CV
The Gateses have attempted to invoke this Court's original mandamus jurisdiction to correct the following orders signed by the trial court in the underlying cause: (1) in Cause No. 01-01-00520-CV, the order, signed April 18, 2001, denying Gateses' motion to disclose reporter's identity; (2) in Cause No. 01-01-00674-CV, the order, signed June 13, 2001, granting protective order in favor of Child Advocates of Fort Bend County, Inc. Both orders were signed after the trial court lost plenary power on January 11, 2001, and are void for that reason. Accordingly, we deny, without further opinion, the Gateses' *179 requests that we consider the substantive merits of those orders by writ of mandamus.
We deny mandamus relief in Cause Nos. 01-01-00520-CV and 01-01-00674-CV.

On Motion for Rehearing
In requesting that we reconsider our original disposition, the Gateses rely on our sister Houston court's opinion in Mattly v. Spiegel, Inc., 19 S.W.3d 890 (Tex. App.-Houston [14th Dist.] 2000, no pet.), as supplemental authority. In Mattly, as here, the defendant counterclaimed for sanctions under rule 13 before the plaintiff sought a nonsuit. Id. at 894. As here, the trial court signed an order of nonsuit before disposing of the defendant's counterclaim. Id. In Mattly, in contrast to this case, the trial court awarded damages on the sanctions counterclaim. Id. But the Mattly trial court did not sign the order awarding sanctions until 43 days after signing the order of nonsuit. Id. In her first issue on appeal, Mattly argued the sanctions award was void because the trial court signed it on the 43rd day after signing the order of nonsuit and, therefore, 13 days after the trial court's plenary power had expired.[7]See id. In rejecting this argument, the Fourteenth Court concluded the trial court retained plenary power despite signing the order of nonsuit. Id. The court reasoned that the defendant's sanctions counterclaim was an affirmative claim for relief that could not be foreclosed by the plaintiff's nonsuiting her own claims. Id.
The Gateses contend Mattly stands for the proposition that an order of nonsuit is interlocutory whenever a party has filed a pre-nonsuit counterclaim for sanctions under rule 13. We agree Mattly stands for this proposition. We decline to follow Mattly for this proposition, however, because we believe it conflicts with In re Bennett, which holds that, "the signing of an order dismissing a case, not the filing of a nonsuit, is the starting point for determining when a trial court's plenary power expires." See In re Bennett, 960 S.W.2d at 38. We also believe Mattly conflicts with Lane Bank Equipment Company, which notes that a judgment need not resolve pending sanctions issues to be final. See 10 S.W.3d at 312.
An order of nonsuit in the circumstances of this case, and, in our opinion, the circumstances of Mattly, is not an interlocutory order. As addressed above, the trial court's post-nonsuit power to sanction depends on whether it retains plenary jurisdiction. See In re Bennett, 960 S.W.2d at 38. A court has no power to sanction once plenary power expires.

Conclusion
We dismiss the appeals in Cause No. 01-00-00120-CV. We deny mandamus relief in Cause Nos. 01-01-00520-CV and 01-00-00674-CV.
NOTES
[1] "SAPCR" means a suit affecting the parent-child relationship.
[2] TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (Vernon 1997) (authorizing recovery of fees, expenses, and attorney's fees against a state agency under certain circumstances).
[3] To be timely, an amended rule 329b motion must be filed within the initial, 30 day period in which the trial court retained plenary power. Tex.R. Civ. P. 329b(b). The Gateses' "Second Amended Motion for Sanctions," filed on November 27, 2000, was, therefore, not timely filed.
[4] The third motion the Gateses filed on October 27, 2000, which reurged the Gateses' motion for disclosure of the identify of the reporter of the alleged abuse, did not extend the trial court's plenary power over the judgment of dismissal because the motion merely related to the Gateses' sanction claim. If granted, the motion for disclosure would not have effected a substantive change in the judgment of dismissal. See Lane Bank Equip. Co., 10 S.W.3d at 312, 314.
[5] We express no opinion concerning whether TDPRS timely perfected its challenge to these orders or the appropriateness of challenging these orders under section 51.014(a)(8) of the Civil Practice and Remedies Code. Tex. Civ. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002).
[6] We express no opinion concerning the timeliness of Gateses attempted, "accelerated" appeal of the trial court's March 2, 2001 order sustaining the plea to the jurisdiction by the District Attorney's Office of Fort Bend County, and our declaring that order void is not to be construed as determining the merits of that order.
[7] In contrast to this case, Mattley filed no post-nonsuit motions to extend plenary power beyond 30 days. See Mattly, 19 S.W.3d at 894.