United States Fire Insurance et al. v. Coy Gnade, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00289-CV
No. 10-04-00075-CV

     UNITED STATES FIRE INSURANCE 
     COMPANY'S AND NATIONAL UNION 
     INSURANCE COMPANY OF 
     PITTSBURGH, PENNSYLVANIA,
                                                                              Appellants
     v.

     COY GNADE, ET AL.,
                                                                              Appellees
 

From the 249th District Court
Johnson County, Texas
Trial Court # C-2001-00430
                                                                                                                

ABATEMENT ORDER AND
MEMORANDUM OPINION
                                                                                                                

      United States Fire Insurance Company and National Union Fire Insurance Company of
Pittsburgh, Pennsylvania jointly perfected an appeal which the Clerk of this Court docketed
under cause number 10-03-00289-CV.
      National Union has settled with Appellees, and these parties have filed an agreed motion
to dismiss under Rule of Appellate Procedure 42.1(b). See Tex. R. App. P. 42.1(b). The
parties to this agreed motion request that costs be taxed against the party incurring same. Id.
42.1(d). Accordingly, we hereby order that portion of the appeal which seeks review of the
judgment rendered against National Union severed from our cause number 10-03-00289-CV
and docketed under cause number 10-04-00075-CV. The appeal in cause number 10-04-00075-CV is dismissed with costs taxed against the party incurring same.
      The trial court’s judgment does not dispose of all the claims before that court because the
judgment expressly omits Appellees’ claims for declaratory relief. Accordingly, the Clerk of
this Court notified the parties that this appeal appears subject to dismissal for want of
jurisdiction. In response, Appellees non-suited their claims for declaratory relief. However,
the trial court has not signed an order dismissing the non-suited claims.
      “Appellate timetables do not run from the date a nonsuit is filed, but rather from the date
the trial court signs an order of dismissal.” In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997)
(orig. proceeding); accord Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995); In
re T.G., 68 S.W.3d 171, 175 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Because
the trial court has not signed an order dismissing Appellees’ non-suited claims, the record does
not contain a final, appealable judgment. See id.
      Because there is no final judgment, United States Fire’s notice of appeal is premature. See
Tex. R. App. P. 27. Rule of Appellate Procedure 27.2 provides in pertinent part that an
“appellate court may allow an appealed order that is not final to be modified so as to be made
final and may allow the modified order and all proceedings relating to it to be included in a
supplemental record.” Id. 27.2. The Supreme Court has indicated that abatement is the
proper procedural mechanism by which to accomplish this. See Lehmann, 39 S.W.3d at 205 &
n.92 (citing Tex. R. App. P. 27.2); Harrison v. TDCJ-ID, No. 10-02-00247-CV, slip op. at 2,
2004 Tex. App. LEXIS 2719, at *2 (Tex. App.—Waco Mar. 24, 2004, order).
      It appears that the trial court intended to render a final judgment in this case. However,
the record does not contain a final judgment. Accordingly, we abate this cause to the trial
court for further consideration of this matter. If the court intended to render a final judgment,
then it should enter an appropriate order to effectuate its intent.
      The trial court shall, within thirty days after the date of this Order: (1) conduct a hearing
if necessary; (2) make appropriate orders and findings of fact and conclusions of law; and (3)
deliver any orders and findings of fact and conclusions of law to the trial court clerk.
      The trial court clerk shall: (1) prepare a supplemental clerk’s record containing all orders
and findings of fact and conclusions of law which the trial court renders or makes; and (2) file
the supplemental clerk’s record with the Clerk of this Court within forty-five days after the
date of this Order.
                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
      (Chief Justice Gray dissenting)
Appeal abated
Order issued and filed March 31, 2004
Publish