Opinion issued July 22, 2004


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01125-CV
____________

JENNIFER TORRES, Appellant

V.

THE TEXAS DEPARTMENT OF FAMILY
AND PROTECTIVE SERVICES, Appellee
 

 
 
On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-127648
 

 
 
MEMORANDUM OPINION
          Appellant, Jennifer Torres, challenges the trial court’s order granting a plea to
the jurisdiction on her claim for sanctions against appellee, the Texas Department of
Family and Protective Services (DFPS).


 In her sole issue, Torres contends that the
trial court erred in granting DFPS’s plea to the jurisdiction because her motion for
sanctions, which was filed on the same day that the trial court signed an order
dismissing DFPS’s suit, presented a claim for affirmative relief that survived the
order of dismissal.
          We dismiss Torres’s appeal for want of jurisdiction.
Factual and Procedural Background
          On January 2, 2003, DFPS filed an “Original Petition for Protection of a Child,
for Conservatorship, and for Termination in Suit Affecting the Parent-Child
Relationship”


 against Torres and her husband, based on an incident involving an
allegation of abuse of one of Torres’s two children. On January 15, 2003, Torres
filed a motion requesting that the trial court sanction DFPS pursuant to Chapter 105
of the Civil Practice and Remedies Code


 on the ground that DFPS’s allegations of
abuse were “frivolous, unreasonable and without foundation.” Torres’s motion for
sanctions bears a time-stamp from the district clerk indicating that the motion was
filed at 9:13 a.m. That same day, the trial court signed an order dismissing DFPS’s
suit. The trial court’s order of dismissal bears a time-stamp from the district clerk,
indicating that it was filed at 3:17 p.m., but there is no indication in the record
concerning the exact time that the order was signed by the trial court. A February 11,
2003 hearing on Torres’s motion for sanctions was passed by Torres, and no hearing
was ever held on the motion.
          In June 2003, in response to discovery propounded by Torres, DFPS filed a
plea to the jurisdiction, arguing that the trial court’s plenary power had expired and
that it lacked jurisdiction to impose sanctions against DFPS or to modify its dismissal
order. On September 18, 2003, the trial court determined that it “no longer ha[d]
jurisdiction to sanction [DFPS] in this case,” and the court signed an order granting
DFPS’s plea to the jurisdiction.
Standard of Review
          Whether a trial court has subject matter jurisdiction is a legal question, and we
review the determination of jurisdiction under a de novo standard of review. State ex
rel. State Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex.
2002).
Jurisdiction
          In her sole issue, Torres argues that the trial court erred in granting DFPS’s
plea to the jurisdiction because her motion for sanctions presented a counterclaim for
affirmative relief that was pending at the time that the trial court signed its order of
dismissal and that thus survived the order of dismissal.
          A final judgment is one that disposes of all pending parties and claims. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). If the intent to dispose
of all parties and pending claims is clearly expressed in the judgment, then it is final
and appealable, even though the record does not provide an adequate basis for a
rendition of judgment. Id. at 200. A motion for sanctions is an application for an
order, and an order on a motion for sanctions is not a judgment. Jobe v. Lapidus, 874
S.W.2d 764, 765-66 (Tex. App.—Dallas 1994, writ denied). A judgment does not
have to resolve pending sanctions issues to be final. Lane Bank Equip. Co. v. Smith
S. Equip., Inc., 10 S.W.3d 308, 312 (Tex. 2000).
          Here, the trial court’s order clearly dismissed the only pleading on file at the
time that the order was signed—the petition filed by DFPS. Thus, the order of
dismissal was a final judgment. Torres relies on Mattly v. Spiegel, Inc., 19 S.W.3d
890, 894 (Tex. App.—Houston [14th Dist.] 2000, no pet.), as support for her
contention that her motion for sanctions constituted an affirmative claim for relief. 
In that case, the court held that a motion for sanctions constituted a counterclaim for
affirmative relief. Id. However, this Court has expressly refused to follow Mattly on
this point. In re T.G., 68 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied) (“We also believe Mattly conflicts with Lane Bank Equipment Company,
which notes that a judgment need not resolve pending sanctions issues to be final.”). 
Moreover, the Fourteenth Court of Appeals has also recently disavowed its holding
in Mattly. See In re J.R., 123 S.W.3d 669, 671 n.6 (Tex. App.—Houston [14th Dist.]
2003, no pet.) (“Like the First Court of Appeals, we are unable to reconcile the
holdings of Mattly and Lane Bank.”). Accordingly, we hold that Torres’s motion for
sanctions did not present a claim for affirmative relief and that the trial court did not
need to dispose of the motion in order for the order of dismissal to be a final
judgment.
          With exceptions not applicable here, a trial court has plenary power for 30 days
after signing a final judgment. Tex. R. Civ. P. 329b(d); Lane Bank, 10 S.W.3d at
310. A trial court has no power to impose sanctions after its plenary power has
expired. In re T.G., 68 S.W.3d at 179. Therefore, assuming, as Torres contends, that
her motion for sanctions was filed before the trial court signed its order of dismissal,
the trial court lost its plenary power to impose sanctions on DFPS or to otherwise
modify its judgment 30 days after January 15, 2003.
          Because the record does not indicate whether the trial court signed its order of
dismissal before or after Torres filed her motion for sanctions, we must also consider
the circumstances presented by the record in this case assuming, alternatively, that the
motion was filed after the order of dismissal was signed.
          After a final judgment has been signed, a motion to incorporate a sanction as
part of that judgment constitutes a proposal to change the judgment and is properly
considered a motion to modify, to correct, or to reform the existing judgment. Lane
Bank, 10 S.W.3d at 312. Such a motion extends a trial court’s plenary power until
30 days after the motion is overruled, whether by written order or by operation of law. 
Tex. R. Civ. P. 329b(e); In re T.G., 68 S.W.3d at 177. Because the trial court did not
overrule Torres’s motion for sanctions by written order, the motion was overruled by
operation of law 75 days after the order of dismissal was signed. Tex. R. Civ. P.
329b(c); In re T.G., 68 S.W.3d at 177. Accordingly, assuming that Torres’s motion
for sanctions was filed after the trial court signed its order of dismissal, the trial
court’s plenary power expired on April 30, 2003, the 105th day after the order of
dismissal was signed.
          Thus, we hold that, under either set of circumstances presented by the record,
at the time that the trial court signed its September 18, 2003 order, it no longer had
jurisdiction to sanction DFPS. Accordingly, we overrule Torres’s sole issue.
          Judicial action taken after the trial court’s plenary power has expired is void. 
See State ex. rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); In re T.G., 68
S.W.3d at 177. A party affected by void judicial action need not appeal. Latty, 907
S.W.2d at 486. If an appeal is taken, however, the appellate court may declare void
any orders that the trial court signed after it lost plenary power over the case, and any
appeals from void orders must be dismissed. See id. (“The court of appeals should
have dismissed [appellant’s] appeal for lack of jurisdiction because the order
appealed from was signed long after the district court’s plenary jurisdiction had
expired.”).
          Here, by its September 18, 2003 order, the trial court granted DFPS’s plea to
the jurisdiction after the court’s plenary power had expired. Therefore, the trial
court’s September 18, 2003 order is void.
Conclusion
          We dismiss Torres’s appeal for want of jurisdiction.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.