Opinion issued August 31, 2004



     












In The
Court of Appeals
For The
First District of
 Texas




NO. 01-03-01111-CV




CONNIE MARTIN, Appellant

V.

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee




On Appeal from the 328th District Court
Fort Bend County, Texas
Trial Court Cause No. 02-CV-126761




O P I N I O N
 
          Appellant Connie Martin moved for sanctions against appellee, the Texas
Department of Family and Protective Services (DFPS),


 alleging that the lawsuit the
DFPS had filed against her was frivolous. The same day, the DFPS moved to nonsuit
its claims against Martin, and the trial court granted the motion. Thereafter, Martin
sought discovery against the DFPS. The DFPS responded by filing a plea to the
jurisdiction, contending that the trial court had, by then, lost plenary power over the
case. The trial court granted the DFPS’s plea and this appeal followed. We conclude
that the trial court correctly determined that it lacked plenary power and therefore we
vacate its order granting the plea and dismiss this appeal. 
Background
          In October 2002, the DFPS sued Martin, seeking protection of a child,
conservatorship, and the termination of her parental rights. On November 20, 2002,
Martin moved for sanctions. That day, the DFPS moved to nonsuit its claims, and the
trial court granted the motion. In February 2003, Martin served the DFPS with a
request for disclosures, and it answered them in March. Martin then served the DFPS
with additional discovery requests. When the DFPS did not answer, Martin moved
to compel. The DFPS responded by filing a plea to the trial court’s jurisdiction. The
trial court granted the plea in a written order on September 3, 2003.
Analysis
          We review whether a trial court has subject matter jurisdiction de novo. Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 
Trial Court Jurisdiction
          A trial court retains jurisdiction over a case for 30 days after it signs a final
judgment or order. Tex. R. Civ. P. 329b(d). During this period, the trial court has
plenary power to modify its judgment, but, after the 30 days run, the trial court loses
its plenary power, and lacks jurisdiction to act in the matter. Check v. Mitchell, 758
S.W.2d 755, 756 (Tex. 1988). A party can extend the trial court’s plenary power,
however, by timely filing an appropriate postjudgment motion, either a motion for
new trial, Tex. R. Civ. P. 329b(e), or a motion to modify, correct or reform the
judgment, Tex. R. Civ. P. 329b(g), within the 30 days after the trial court signs the
final judgment or order. A timely motion for new trial or motion to modify extends
the trial court’s jurisdiction over its judgment up to an additional 75 days, depending
on when or whether the court acts on the motions. Philbrook v. Berry, 683 S.W.2d
378, 379 (Tex. 1985); Tex. R. Civ. P. 329b(c). If a motion for new trial or to modify
a judgment is not denied in a written order, then the motion is overruled by operation
of law 75 days after the trial court signs the judgment. Tex. R. Civ. P. 329b(c). The
trial court retains plenary power to alter its judgment for 30 days after it is overruled
by operation of law. Tex. R. Civ. P. 329b(c), (e). 
Nonsuits
          Rule 162 provides that a plaintiff may nonsuit a case, “at any time” before the
introduction of all of the plaintiff’s evidence, as the DFPS did in this case. Tex. R.
Civ. P. 162. It further provides: 
Any dismissal pursuant to this rule shall not prejudice the right of
an adverse party to be heard on a pending claim for affirmative
relief . . . A dismissal under this rule shall have no effect on any
motion for sanctions, attorney’s fees or other costs, pending at the
time of dismissal, as determined by the court.

Id. After a trial court loses plenary power, however, it has no authority to award
sanctions. Scott & White Mem’l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex.
1996); In re T.G., 68 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2002, pet.
denied) (op. on reh’g); Jobe v. Lapidus, 874 S.W.2d 764, 766–68 (Tex. App.—Dallas
1994, writ denied). Thus, a trial court retains jurisdiction for 30 days after signing
a final order of nonsuit to rule on pending motions. See Tex. R. Civ. P. 329b(d); In
re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (“Appellate timetables do not run from the
date a nonsuit is filed, but rather from the date the trial court signs an order of
dismissal.”).
The Pending Motion for Sanctions
          Martin contends that her motion for sanctions is a claim for affirmative relief
that not only survives the DFPS’s nonsuit under Rule 162, but also extends the trial
court’s plenary power until its resolution. Martin notes that she moved for sanctions
before the trial court signed the nonsuit order. The record supports her contention.


 
Martin further contends that the dismissal order was not a final order, as it failed to
address her request for sanctions. The Texas Supreme Court, however, has held that
a judgment need not resolve a pending sanctions motion to be final. Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 312 (Tex. 2000) (agreeing that a
judgment does not have to resolve pending sanctions issues to be final). We also
have so held. See In re T.G., 68 S.W.3d at 179. 
          Martin relies on Mattly v. Spiegel, Inc., 19 S.W.3d 890, 894 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) and McAllister v. Samuels, 857 S.W.2d
768 (Tex. App.—Houston [14th Dist.] 1993, no writ) to support her contention that
a motion for sanctions is a claim for affirmative relief that survives a nonsuit. Mattly
since has been disavowed by the Fourteenth Court of Appeals in In re J.R., 123
S.W.3d 669, 671 n.6 (Tex. App.—Houston [14th Dist.] 2003, no pet.) and we have
declined to follow it. See In re T.G., 68 S.W.3d at 179. Martin cites McAllister only
for the proposition that “a claim for frivolous lawsuit damages is a claim for
affirmative relief.” See McAllister, 857 S.W.2d at 779. We have recently held,
however, that a motion for sanctions pursuant to Chapter 105 of the Texas Civil
Practice and Remedies Code does not present a claim for affirmative relief. Torres
v. Tex. Dep’t of Family and Protective Servs., No. 01-03-01125-CV, 2004 WL
1631305, at *2 (Tex. App.—Houston [1st Dist.] July 22, 2004, no pet. h.) (mem. op.);
see Tex. Civ. Prac. & Rem. Code Ann. § 105.001–.004 (Vernon 1997) (allowing a
“motion” for sanctions, not an affirmative “claim”). The trial court’s November 20,
2002 order granting nonsuit is a final judgment, and thus the trial court lost its
plenary power, including its power to sanction the DFPS, 31 days later. After this
date, the trial court had no jurisdiction to enter any sanctions award. Torres, 2004
WL 1631305, at *2–3. We hold that Martin’s motion for sanctions did not present
a claim for affirmative relief, and the trial court’s order of dismissal was a final order.
          Judicial action taken after the trial court’s plenary power has expired is void. 
See State ex. rel Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995); see also Mapco,
Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one
rendered when a court has no jurisdiction over parties or subject matter, no
jurisdiction to render judgment, or no capacity to act as a court). A party affected by
void judicial action need not appeal. State ex rel. Latty, 907 S.W.2d at 486. If an
appeal is taken, however, the appellate court should declare void any orders the trial
court signed after it lost plenary power over the case. Id.
          After the trial court lost plenary power, it granted a plea to the jurisdiction on
September 3, 2003. Because the trial court had lost its plenary power, the trial court’s
order granting the DFPS’s plea is void.


 Id. An appellate court should declare
post-plenary-power orders void and dismiss any appeal. See id.
Conclusion
          We conclude that the trial court correctly determined that it had no plenary
power. Thus, its order granting the DFPS plea to the jurisdiction is void, and we
vacate the order and dismiss the appeal. 

                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Bland and Sullivan.