NO. 07-03-0290-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 29, 2005

_____

W. HUGH HARRELL, APPELLANT

v.

ROBERT H. HARTMAN, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-506,177; HON. JOHN T. FORBIS, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**Memorandum Opinion**

In this appeal, appellant W. Hugh Harrell (Harrell) challenges a June 7, 2003 order of the trial court entitled "Restatement of Finality of Judgment." For reasons we specify below, the trial court had no jurisdiction to enter the order and we must, therefore, hold that the order is void and dismiss this appeal for lack of jurisdiction.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004-2005).

Background

In the suit underlying this matter, Harrell was sued by appellee Robert H. Hartman (Hartman) for legal malpractice. Hartman was represented in this suit by attorney Cam Fannin, Jr. (Fannin). During the pendency of the malpractice suit, Harrell filed a motion asking for the imposition of sanctions against Hartman in which he asserted the malpractice claim was frivolous and filed for harassment purposes. Harrell also filed a motion seeking summary judgment on the malpractice suit which resulted in a summary judgment in his favor dated March 3, 2001. In the judgment, which was prepared by Harrell and accepted by the trial court, the court provided that Hartman take nothing by his suit against Harrell and that each party would pay the costs incurred by that party. Harrell's quest for sanctions was not addressed in the judgment nor was it severed from the lawsuit in the judgment or prior thereto. Moreover, the clause commonly referred to as a "Mother Hubbard" clause, providing that all relief requested but not expressly granted in the order was denied, was not included in it.

Hartman appealed the summary judgment to this court which resulted in our affirming the judgment.[2] Hartman filed a petition with the Texas Supreme Court seeking review of our decision which was denied by that court on April 10, 2003. At no time during the pendency of the appeal did Harrell file a motion for new trial, seek to modify, correct or reform the judgment of the trial court, or request that the trial court rule on his pending sanctions motion.

---

[2]*See Hartman v. Harrell,* No. 07-01-0099-CV, 2002 Tex. App. LEXIS 8629 (Tex. App.–Amarillo December 3, 2002, pet. denied).

2

Soon after the Texas Supreme Court's denial of Hartman's petition for review, Fannin received a letter from Harrell in which Harrell asserted his motion for sanctions was still pending and requested information from Fannin concerning the extent of Fannin's legal malpractice insurance. Fannin then wrote the trial court requesting a hearing as to whether the March 3, 2001 judgment, despite the absence of a "Mother Hubbard" clause, was intended to dispose of all pending claims in the suit or if Harrell's sanctions motion was still pending. In response to the request, the trial court held a hearing as a result of which it rendered the June 7, 2003 "Restatement of Finality of Judgment" giving rise to this appeal. In that order, as relevant here with respect to the summary judgment, the court stated: "[It was] intended by the Court to be a Final Order which disposed of all issues between the parties. No further action should come before this Court as regards this cause of action."

In presenting his appeal, Harrell raises two issues for our decision. They are: 1) the trial court's June 7, 2003 order was void or voidable because it was rendered after the trial court had lost plenary jurisdiction over the case, and 2) this court should sanction both Hartman and Fannin for violating Rule 21b of the Texas Rules of Civil Procedure. Hartman and Fannin respond that Harrell's appeal is untimely because all pending motions were overruled by operation of law upon the expiration of the trial court's plenary jurisdiction. They further respond that they did nothing improper in requesting the hearing in question and neither they nor the trial court did anything improper. Thus, they argue, there was no violation of Tex. R. Civ. P. 21b.

Jurisdiction

Because the jurisdiction of a court is fundamental and may not be ignored, a court must notice, even *sua sponte*, the matter of its jurisdiction. *Marshall v. Brown*, 635 S.W.2d

578, 580 (Tex. App.–Amarillo 1982, writ ref'd n.r.e.).  Subject matter jurisdiction is essential to the authority of a court to decide a case.  *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993).  It is never presumed and cannot be waived.  *Id*. at 443-44.  Subject matter jurisdiction may be raised for the first time on appeal.  *Id.* at 445.  The issue of a court's subject matter jurisdiction is a legal question subject to a *de novo* review.  *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

A trial court retains plenary jurisdiction over a case for a period of 30 days after it signs a final judgment.[3]  Tex. R. Civ. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 310 (Tex. 2000).  A judgment is final if it disposes of all parties and all issues in a suit.  *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966).  It is the pleadings that determine the issues and the parameters of a contest.  *Jobe v. Lapidus,* 874 S.W.2d 764, 765 (Tex. App.–Dallas 1994, writ denied).  A summary judgment that disposes of all the issues presented in the pleadings is a final judgment and is not made interlocutory by a pending motion for sanctions.  *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d at 312; *Hartman v. Harrell*, 2002 Tex. App. LEXIS 8629 at 2-3; *Jobe v. Lapidus*, 874 S.W.2d at 766.

A trial court cannot award sanctions after the expiration of its plenary jurisdiction.  *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d at 311; *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997); *Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex.

---

[3]Texas Rule of Civil Procedure 329b provides for extension of this period if a motion for new trial or a motion to modify, correct or reform a judgment is filed within the 30-day plenary period.  However, even if these exceptions were to apply to this case, which they do not, a trial court may retain plenary jurisdiction for a maximum of 105 days after entering its final judgment. Tex. R. Civ. P. 329b(c) & (e); C*lark & Co. v. Giles*, 639 S.W.2d 449, 449-50 (Tex. 1982).

4

1996). Judicial actions taken after the expiration of the trial court's plenary power are void. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000); *In re T.G.*, 68 S.W.3d 171, 177 (Tex. App.–Houston [1ˢᵗ Dist.] 2000, pet. denied).

Reiterated, in his first issue, Harrell contends the trial court's June 7, 2003 order was void because it was rendered after the trial court lost plenary jurisdiction. We agree. The trial court's March 3, 2001 order granting Harrell's motion for summary judgment was a final judgment in that it disposed of all issues set out in the pleadings and disposed of all parties to the proceedings. Although the summary judgment did not specifically address Harrell's motion seeking sanctions, this court held that fact did not prevent the judgment from being a final one. *Hartman v. Harrell*, 2002 Tex. App. LEXIS 8629 at 3. Thus, as we have noted, absent certain exceptions not present here, a trial court loses plenary jurisdiction over a case 30 days after it signs a final judgment. *See* Tex. R. Civ. P. 329b(d)*; Lane Bank Equip Co. v. Smith S. Equip., Inc.,* 10 S.W.3d at 310. We can only conclude that the trial court rendered its June 7, 2003 order after it lost plenary power. That being true, the order is without effect and is void. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d at 605; *In re T.G.,* 68 S.W.3d at 177.

We have not overlooked Harrell's citation in his reply brief to *Wolma v. Gonzalez*, 822 S.W.2d 302, 303 (Tex. App.–San Antonio 1991, no writ) for the proposition that a trial court may award sanctions after the expiration of its plenary power. However, the Texas Supreme Court has disapproved that holding. *See Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d at 596, n.2.

When a party appeals from a void trial court order, the proper procedure is for the appellate court to declare the order void and dismiss the appeal for lack of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995).

Texas Rule of Civil Procedure 21b Sanctions

In his second issue, Harrell contends that Hartman and Fannin violated Tex. R. Civ. P. 21b by failing to serve or deliver to him a copy of the pleading, plea, motion, or other application for a hearing on the finality of the March 3, 2001 summary judgment. To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion, or objection, stating the specific grounds therefor, and obtain a ruling. *Holland v. Wal-Mart Stores, Inc.* 1 S.W.3d 91, 94 (Tex. 1999); *In re C.O.S.*, 988 S.W.2d 760, 764-65 (Tex. 1999). Although Harrell's "Answer to Order Setting Hearing on Finality of Judgment" does request the trial court award sanctions to Harrell for Hartman and Fannin's alleged violation of Tex. R. Civ. P. 21b, the record does not reflect that Harrell ever requested or obtained a specific ruling on the motion from the trial court. Because Harrell did not preserve error regarding the issue of sanctions to the trial court, we have nothing before us for our review. *See* Tex. R. App. P. 33.1(a); *Holland v. Wal-Mart Stores, Inc.,* 1 S.W.3d at 94; *In re C.O.S.*, 988 S.W.2d at 764-65.

Our disposition of Harrell's first issue obviates the necessity for discussion of Hartman and Fannin's plea to our jurisdiction to consider the appeal. Suffice it to say that the trial court lacked plenary power to enter its June 7, 2003 order entitled "Restatement of Finality of Judgment." That being so, its order is void and we must, and do hereby, dismiss the appeal for lack of jurisdiction. *State ex rel. Latty v. Owens*, 907 S.W.2d at 486.

Moreover, for reasons we have discussed, the record does not show any basis for imposition of Tex. R. Civ. P. 21b sanctions.

John T. Boyd
Senior Justice