Opinion issued October 5, 2006
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00627-CV
  __________
 
PAUL RANDOLPH PHILIP, JR., Appellant
 
V.
 
EREKA WASHINGTON PHILIP AND
ALLETTE B. WILLIAMS, Appellees
 

 
 
On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 99-25759
 

 
 
MEMORANDUM OPINION
          Appellant, Paul Randolph Philip, Jr., filed a post-judgment motion for
sanctions against appellees, Ereka Washington Philip and her attorney, Allette B.
Williams. The trial court ruled that its plenary jurisdiction had expired and refused
to consider the motion at the hearing. In his sole point of error, appellant contends
the trial court retained its plenary jurisdiction and, therefore, committed error when
it refused to consider his motion for sanctions. We affirm.  
Background
          Ereka Washington Philip (“Ereka”), through her attorney, Allette B. Williams,
non-suited her claim against Paul Randolph Philip, Jr. (“Paul”). The trial court signed
the order of dismissal, pursuant to the non-suit, on May 11, 2004. On June 9, 2004,
Paul timely filed a motion for sanctions under rule 13 of the Texas Rules of Civil
Procedure and section 9.011 of the Texas Civil Practice and Remedies Code, alleging
that Ereka’s claim was groundless and brought in bad faith or for the purpose of
harassment. Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. § 9.011 (Vernon
2005). The motion for sanctions was not heard until March 18, 2005, at which point
the trial court refused to act on the motion because its plenary jurisdiction had
expired. On May 27, 2005, the trial court signed its judgment in favor of Ereka and
Williams on the motion for sanctions, citing a lack of plenary power as the basis for
the judgment. Plenary Jurisdiction
          In his sole issue, Paul contends that the trial court erred in ruling that it lacked
jurisdiction to act on his motion for sanctions because its plenary power had expired. 
Specifically, Paul argues that, because neither the Texas Rules of Civil Procedure nor
the Texas Civil Practice and Remedies Code establishe


s a date by which a timely filed
motion for sanctions must be heard, the trial court indefinitely retained its plenary
jurisdiction to rule on the motion. We disagree.
Standard of Review
          Whether a court has subject matter jurisdiction is a question of law. Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Alpert v. Crain,
Caton & James, P.C., 178 S.W.3d 398, 409 (Tex. App.— Houston [1st Dist.] 2005,
pet. ref’d). We review the issue de novo. Tex. Dep’t of Parks & Wildlife, 133 S.W.3d
at 226; Alpert, 178 S.W.3d at 409.
Analysis 
          During its plenary jurisdiction, a trial court has the power to grant a motion for
sanctions under Texas Rule of Civil Procedure 13 though the motion was not pending
at the time a non-suit was filed. Scott & White Mem’l Hosp. v. Schexnider, 940
S.W.2d 594, 595 (Tex. 1996). The trial court retains plenary jurisdiction for a
minimum of 30 days after the court signs the order of dismissal. See Tex. R. Civ. P.
329b(d); see also In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997) (“Appellate
timetables do not run from the date a non-suit is filed, but rather from the date the
trial court signs an order of dismissal.”); In re T.G., 68 S.W.3d 171, 175 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). The plenary period may be extended
by the filing of either a motion for new trial, under rule 329b(e) of the Texas Rules
of Civil Procedure, or a motion to reform, modify, or correct the judgment, under
Rule 329b(g). Tex. R. Civ. P. 329b. A motion for sanctions is treated as a motion to
reform, modify, or correct the judgment. Lane Bank Equip. Co. v. Smith S. Equip.
Co., 981 S.W.2d 302, 303 (Tex. App.—Houston [1st Dist.] 1998), aff’d, 10 S.W.3d
308 (2000). As such, a timely filed motion for sanctions extends the trial court’s
plenary jurisdiction. Id. Once extended by a timely filed motion, the trial court
retains its plenary power until 30 days after the motion is overr


uled, whether by
written order or by operation of law. In re T.G., 68 S.W.3d at 177. When the trial
court does not rule expressly on the motion, the motion is overruled as a matter of law
on the 75th day after the judgment was signed. Id. A trial court must not grant a
motion after its plenary jurisdiction has expired. Scott & White Mem’l Hosp., 940
S.W.2d at 595.
          On May 11, 2004, the trial court signed an order granting Ereka’s non-suit. 
Under the general rule, the trial court’s plenary power was set to expire 30 days later,
on June 10, 2004. Paul, however, timely filed a motion for sanctions on June 97, 2004
and effectively extended the trial court’s plenary power until the motion was either
decided by written order or overruled by operation of law. We consider the motion
overruled by operation of law on July 26, 2004 because the tri


al court did not rule on
the motion within 75 days of the non-suit. The trial court retained its plenary
jurisdiction for an additional 30 days, meaning its plenary power expired on August
25, 2004. Therefore, the trial court did not have plenary power at the March 18, 2005
hearing and did not err by refusing to act on Paul’s motion for sanctions.
          We overrule Paul’s sole issue.
Conclusion
          We affirm the judgment of the trial court.

 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Keyes, and Hanks.