In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-01109-CV

____________


MARIA C. FIGUEROA, Appellant


V.


EDGAR DAVIS, Appellee






On Appeal from the County Civil Court at Law No. 2 

Harris County, Texas

Trial Court Cause No. 783,981 




 

MEMORANDUM OPINION



 Appellant, Maria C. Figueroa, appeals from a judgment in favor of appellee,
Edgar Davis, who sued Figueroa for personal injuries after an automobile collision. 
We dismiss the appeal for lack of jurisdiction because appellant did not timely
perfect her appeal.


PROCEDURAL BACKGROUND


 Davis sued Figueroa on December 2, 2002, claiming personal injury and
property damages arising from an automobile collision on July 27, 2002. A jury
found appellant negligent, but awarded Davis only $575.00 for damage to his
vehicle and $163.13 in prejudgment interest. The trial court signed a judgment on
that verdict on November 10, 2006. On January 12, 2007, the trial court granted
Davis's timely filed motion for new trial, in which he challenged the jury's award
of zero damages. A second jury trial on September 6, 2007 resulted in an award of
$42,482.78 in damages to Davis for physical pain, mental anguish, disfigurement,
and medical care and $14,091.30 in prejudgment interest. The trial court signed a
new judgment on September 25, 2007. 

 On November 5, 2007, Figueroa challenged the September 25, 2007
judgment by filing a motion to modify, motion for new trial, and motion for
remittur in which she argued that (1) the evidence was legally and factually
insufficient to support the jury's award of damages, (2) there was no evidence of
medical causation linking Davis's injuries to the car collision, and (3) the trial
court erred in calculating the amount of prejudgment interest. On December 6,
2007, the trial court signed an order denying the multiple relief requested by
Figueroa's motion. On the same date, the trial court signed a new judgment that
reduced the amount of prejudgment interest in the September 25, 2007 judgment
from $14,091.30 to $14,005.83. Figueroa filed her notice of appeal on December
26, 2007. 

Late Notice of Appeal


 Davis questions the timeliness of Figueroa's notice of appeal, and Figueroa
responds to that challenge in her brief. A timely filed notice of appeal is essential
to invoke this Court's jurisdiction. (1) See Tex. R. App. P. 25.1. If Figueroa did not
timely perfect her appeal by filing a timely notice of appeal, this Court has no
jurisdiction over her appeal. See id. To be timely, a notice of appeal must be filed
within 30 days after a judgment is signed after a jury trial, unless any party files a
motion for new trial or a motion to modify the judgment. Tex. R. App. P.
26.1(a)(1)-(2). (2)
 

 It is undisputed that the trial court signed the judgment on September 25,
2007 and that the judgment was a final judgment. See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 198 (Tex. 2001) (stating that a judgment "rendered and entered in
a case regularly set for [a] conventional trial on the merits . . . will be presumed for
appeal purposes that the Court intended to, and did, dispose of all parties legally
before it and of all issues made by the pleadings"). Accordingly, Figueroa had 30
days, or until October 25, 2007, to file either (1) her notice of appeal or (2) a
motion that would extend her deadline to file her notice of appeal. See Tex. R.
App. P. 26.1(a)(1)-(2). 

 Figueroa did not timely file her notice of appeal by October 25, 2007. 
Though she filed a combined motion for new trial and to modify the September 25,
2007 judgment, which motion would ordinarily have extended her deadline to file
her notice of appeal, Figueroa did not file that motion until November 5, 2007, or
eleven days too late. See Tex. R. Civ. P. 324, 329b(a); L.M. Healthcare, Inc. v.
Childs, 929 S.W.2d 442, 444 (Tex. 1996) (stating that motion for new trial or to
modify judgment must be filed within 30 days from date trial court signs
judgment). 
 A trial court has plenary power over its judgment until it becomes final. 
Fruehauf Corp. v. Carrillo, 848 S.W.2d 83, 84 (Tex. 1993). "Plenary power"
refers to the period of time in which a trial court may vacate its judgment by
granting a new trial, or in which it may modify or correct its judgment. See Tex.
R. Civ. P. 329b(d)-(f); In re Gillespie, 124 S.W.3d 699, 702 (Tex. App.--Houston
[14th Dist.] 2003, orig. proceeding). A rule 329b motion for new trial or to
modify, correct, or reform the judgment, or a motion that has the same effect, is the
only means by which a party may extend the appellate timetable and the trial
court's plenary power over its judgment. Lane Bank Equip. Co. v. S. Equip., Inc.,
10 S.W.3d 308, 313 (Tex. 2000); In re T.G., 68 S.W.3d 171, 176 (Tex.
App.--Houston [1st Dist.] 2002, pet. denied). 

 The trial court retains plenary power for only 30 days by operation of rule
329b unless a party files an appropriate motion to extend the trial court's plenary
power. See Tex. R. Civ. P. 329b(d) ("[R]egardless of whether an appeal has been
perfected," trial court retains "plenary power to grant a new trial or to vacate,
modify, correct, or reform the judgment within thirty days after the judgment is
signed."). The trial court's plenary power expires on the 30th day after the
judgment, therefore, unless a party timely seeks relief contemplated by rule
329b(d). To be timely, therefore, and result in a continuation of the trial court's
plenary power, a motion filed to extend the trial court's plenary power must be
filed by the 30th day after the trial court signs the judgment. See L.M. Healthcare,
929 S.W.2d at 444; In re T.G., 68 S.W.3d at 176. A motion for new trial is not
timely if it is filed, as here, more than 30 days after the trial court signs the final
judgment. Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003). 

 In this case, the trial court's plenary power over the September 25, 2007
judgment extended 30 days or to October 25, 2007. See Tex. R. Civ. P. 329b(d). 
Figueroa filed a motion that, if timely, would have extended the trial court's
plenary power, but she did not file the motion until November 5, 2007, when the
trial court's plenary power to rule on that motion had already expired. Action
taken by the trial court after it loses plenary power is void. See, e.g., State ex rel.
Latty v. Owens, 907 S.W.2d 484, 485 (Tex. 1995) ("Judicial action taken after the
court's jurisdiction over a cause has expired is a nullity."); In re Office of Attorney
General, 264 S.W.3d 800, 809 (Tex. App.--Houston [1st Dist.) 2008) (orig.
proceeding). 

 Two consequences result from the failure of any party to file a timely motion
that would have extended the trial court's plenary power by October 25, 2007. 
First, the trial court's plenary power expired on October 25, 2007. See id. 
Accordingly, the trial court's December 6, 2007 judgment is void. Second,
Figueroa had to file her notice of appeal by October 25, 2007 in order to perfect
her appeal on a timely basis and thus vest jurisdiction in this Court. See Tex. R.
App. P 25.1, 26.1(a)(1)-(2). Figueroa did not file her notice of appeal until
December 26, 2007, however, and thus too late. Because Figueroa did not timely
perfect her appeal, this Court has no jurisdiction over the appeal and must dismiss.

Conclusion


 We dismiss the appeal for lack of jurisdiction.






 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Hanks.

1. The issue of our jurisdiction having been raised by the parties, there is no need for
notice to the parties, as provided by rule 42.3 of the Rules of Appellate Procedure. 
See Tex. r. App. P. 42.3.
2. Rule 26.3 of the Rules of Appellate Procedure authorizes this Court to extend the
deadline to file a notice of appeal if, within 15 days after the deadline for filing notice,
the appellant (1) files a notice of appeal in the trial court and (2) files a motion, in
compliance with rule 10.5(b) of the Rules of Appellate Procedure, to request an
extension of time to file the notice of appeal. Tex. R. App. P. 26.3, 10.5(b). Figueroa
did not seek relief from this Court under rule 26.3.