**In the Interest of J.R., a Minor Child.**

No. 14–03–00507–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 25, 2003.

---

Jimmy Phillips, Jr., Angleton, for appellants.

Jerilynn K. Yenne, Angleton, Craig Howard Russell and John M. Grey, Austin, for appellees.

Panel consists of Justices HUDSON, RICHARD H. EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this termination of parental rights action,[1] the minor child's natural father (the "father")[2] appeals the trial court's granting of Texas Department of Protective and Regulatory Services's ("TDPRS") plea to the jurisdiction on the ground that the order previously granting summary judgment in his favor (the "order") was not a final judgment because it did not dispose of: (1) his requests for relief under sections 10.001[3] and

---

1. TDPRS filed suit to terminate the father's parental rights or, in the alternative, to be appointed sole managing conservator of the minor child.

2. *See* TEX. FAM.CODE ANN. § 109.002(d) (Vernon 2002) (in a suit affecting the parent-child relationship, an appellate court opinion may identify the parties by fictitious names or their initials).

3. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 10.004(c)(3) (Vernon 2002) (a trial court may impose, as a sanction for violating section 10.001, the reasonable expenses incurred by the other party because of the filing of an unsupported pleading or motion); *id.*

105.002 [4] of the Texas Civil Practice and Remedies Code ("CPRC"); (2) both parties' requests for attorney's fees; [5] (3) the costs of court; or (4) TDPRS's alternative request to be appointed sole managing conservator. We affirm.

## Standard of Review

■ Whether a trial court has subject-matter jurisdiction is a legal question that is reviewed *de novo*. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). With exceptions not applicable here, a trial court has plenary power for thirty days after signing a final judgment. TEX.R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.* 10 S.W.3d 308, 310 (Tex.2000). A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

## CPRC Claims

■ A judgment does not have to resolve pending sanctions issues to be final, and sanctions may not be imposed after the expiration of a trial court's plenary jurisdiction. *Lane Bank*, 10 S.W.3d at 311–12; [6] *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996). In this case, the father's claims against TDPRS under the CPRC were based on allegations that the termination action was frivolous and without evidentiary support based on reasonable inquiry. Because the relief thereby sought was in the nature of sanctions, these claims did not have to be disposed of in order for the order to become final.

## Attorney's Fees and Costs

■ A trial court's failure to assess costs also does not affect the finality of its judgment.[7] Because the attorney's fees, if any, awarded in a suit affecting the parent-

§ 10.001(3) (the signing of a pleading or motion constitutes a certificate that to the signatory's best knowledge, formed after a reasonable inquiry, each allegation in the pleading or motion has, or is likely to have after a reasonable opportunity for further investigation or discovery, evidentiary support).

4. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 105.002 (Vernon 1997) (where a state agency asserts a cause of action against a party in a civil suit in state court, the party may recover, in addition to other costs allowed by law, fees, expenses, and reasonable attorney's fees incurred by the party in defending the agency's action if: (1) the court finds that the agency's action is frivolous, unreasonable, or without foundation; and (2) the action is dismissed or judgment is awarded to the party).

5. *See* TEX. FAM.CODE ANN. § 106.002(a) (Vernon Supp.2004) (in a suit affecting parent-child relationship, a trial court may order reasonable attorney's fees as costs).

6. Despite the holding in *Lane Bank*, this court held in *Mattly* that an undisposed claim for Rule 13 sanctions was a request for affirma-

tive relief that prevented an order granting a nonsuit on the remaining claims from becoming a final judgment. *See Mattly v. Spiegel*, 19 S.W.3d 890, 894 (Tex.App.-Houston [14th Dist.] 2000, no pet.). Like the First Court of Appeals, we are unable to reconcile the holdings of *Mattly* and *Lane Bank*. *See In re T.G.*, 68 S.W.3d 171, 179 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). Under these circumstances, we have no authority to depart from the decision of the Texas Supreme Court in *Lane Bank*. *See, e.g., Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex.2002) (explaining that, once the Supreme Court announces a proposition of law, the decision is considered binding precedent, and it is not the function of a court of appeals to abrogate or modify such established precedent).

7. *See Thompson v. Beyer*, 91 S.W.3d 902, 904–905 (Tex.App.-Dallas 2002, no pet.) (citing *City of West Lake Hills v. State*, 466 S.W.2d 722, 727 (Tex.1971)).

child relationship are awarded as costs,[8] the parties' claims for such attorney's fees and other costs in this case did not have to be disposed of in order for the order to become final.

## TDPRS's Alternative Request to be Appointed Sole Managing Conservator

In its petition, TDPRS requested that: (1) the parent-child relationship between the father and the child be terminated and that it be appointed managing conservator of the child; or (2) if the parent-child relationship was not terminated, that it be appointed sole managing conservator of the child. The father's motion for summary judgment asserted that there was no evidence to show any ground for termination of his parental rights or for TDPRS to be appointed managing conservator. The order, submitted by the father, plainly reflects that the father's motion for summary judgment was granted in its entirety. It ordered not only that the petition to terminate the father's parental rights be denied, but also that upon the father's taking possession of the minor child, (1) the father would have all of the exclusive rights and duties of a parent with respect to the minor child, including an exclusive and unrestricted right to establish the residence of the child; and (2) the rights, duties, and appointment of TDPRS as temporary managing conservator were terminated.

By granting the father's motion for summary judgment, the trial court ruled that there was no evidence to support TDPRS's alternative request to be appointed managing conservator if the father's parental rights were not terminated. The order thereby disposed of the alternative request.

■ In addition, because it returned the child to the father, the order was a "final order" for purposes of cases concerning children under TDPRS care.[9] In enacting statutes that limit the time in which such cases may be decided [10] and appealed,[11] the Legislature has expressed a clear intent to "ensure finality in these cases and expedite their resolution,"[12] which is, in turn, compelled by both the fundamental liberty interest a parent has in the care, custody, and control of his or her children and the State's foremost interest in protecting the best interest of the child.[13] In this context, the father has not cited any: (1) authority whereby TDPRS's request to be appointed managing conservator in this case could be considered unresolved; or (2) rationale that would support allowing the determination reflected in the order, and, thus, the child's and father's lives, to be left "in limbo" [14] indefinitely and potentially beyond the periods in which the Legislature has mandated that such matters be concluded.

8.   *See* TEX. FAM.CODE ANN. § 106.002(a).

9.   *See* TEX. FAM.CODE ANN. § 263.401(d) (Vernon 2002) (defining such a "final order" as one that either: (1) requires the child to be returned to the parent; (2) names a relative or other person managing conservator; (3) without terminating the parent-child relationship, appoints TDPRS managing conservator; or (4) terminates the parent-child relationship and appoints a relative, other person, or TDPRS managing conservator).

10.   *See id.* § 263.401(a)-(c).

11.   *See id.* § 109.002(a) (an appeal in a termination suit shall be given precedence over other civil cases and shall be subject to the procedures for an accelerated appeal).

12.   *In re B.L.D.*, 113 S.W.3d 340, 353 (Tex. 2003).

13.   *See id.* at 352–53.

14.   *See id.* at 353.

Based on the foregoing, we conclude that the order was final and, thus, that the trial court did not err in granting TDPRS's plea to the jurisdiction. Accordingly, the father's sole point of error is overruled, and the judgment of the trial court is affirmed.