Reversed and Remanded and Memorandum Opinion filed August 18, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00179-CV

____________

 

BARBARA JEAN FORTE, Appellant

 

V.

 

JOSEPH WESLEY FORTE, Appellee

 



 

On Appeal from the 328th
District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-124959

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from an order imposing
sanctions under Rule 13 of the Texas Rules of Civil Procedure against
appellant, Barbara Jean Forte=s, attorney, Ayesha Mutope-Johnson. 
Because we agree the trial court abused its discretion when it sanctioned
Mutope-Johnson, we reverse and remand.

 








Factual and Procedural Background

This appeal arises out of a divorce
proceeding originally filed by appellee, Joseph Wesley Forte, on July 3, 2002. 
Both parties to the divorce action were represented by a succession of
attorneys and the case proceeded at a glacial pace.  On February 15, 2005, the
trial court entered temporary orders that enjoined both appellee and appellant
from selling any property and also prevented appellee from Aexcluding
[appellant] from the use and enjoyment of the residence located at 107 Squires
Bend, Stafford, TX 77477.@

Apparently frustrated with the pace of the
proceedings, appellee took actions which led appellant to believe appellee was
preparing to sell the Squires Bend residence in violation of the trial court=s temporary
orders.  This led to a period of intense activity by appellant=s attorney aimed
at preventing what appellant believed was the imminent sale of the residence. 
Included in this flurry of activity was a AMotion for
Enforcement by Contempt and for Sanctions and Order to Appear@ filed by
appellant against appellee on October 5, 2005.  Appellee finally filed a
response and a counter-motion for sanctions pursuant to Rule 13 of the Texas
Rules of Civil Procedure on May 14, 2007.  The trial court held a hearing on
October 23, 2007.  At the end of the hearing, the trial court announced it was
denying appellant=s motion for contempt and for sanctions
and was granting appellee=s motion for sanctions and sanctioned
Mutope-Johnson $750.00.  Soon thereafter, the trial court entered a written
order to that effect.[1] 
This appeal followed.








Discussion

In a single issue on appeal, appellant
contends the sanctions order does not meet the requirements of Rule 13 as the
trial court did not (1) determine good cause existed for sanctioning
Mutope-Johnson; and (2) did not state the particulars of the sanctionable
conduct.

A.      Does the Sanctions Order Meet the Specificity
Requirement?

Whether to impose Rule 13 sanctions is
within the trial court=s sound discretion.  Mattly v. Spiegel,
Inc., 19 S.W.3d 890, 895 (Tex. App.CHouston [14th
Dist.] 2000, no pet.), overruling on other grounds recognized by In re J.R.,
123 S.W.3d 669, 672 n.6 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  We will not set aside a Rule 13 sanctions order unless
an abuse of discretion is shown.  Id.  However, while a decision to
impose Rule 13 sanctions is within the discretion of a trial court, Rule 13
imposes a mandatory duty on the part of the trial court to point out with
particularity the acts or omissions on which the sanctions are based.  Id. 
A primary purpose of the particularity requirement is to justify the imposition
of sanctions and to show that the trial court properly weighed the sanctions
request and imposed sanctions in an appropriate manner when justified by the
circumstances.  Id. at 896.

The sanctions order at issue here does not
contain any facts justifying the imposition of sanctions against
Mutope-Johnson.  Therefore, the sanctions order does not comply with Rule 13
and constitutes an abuse of discretion that renders the order unenforceable and
requires that it be reversed.  Id.  We sustain appellant=s single issue on
appeal.

 








Conclusion

Accordingly, we reverse the trial court=s sanctions order
and remand for further proceedings in accordance with this opinion.

 

 

 

 

/s/      John
S. Anderson

Justice

 

 

 

 

 

Panel consists of Justices Anderson, Guzman, and Boyce.

 

 









[1]  The relevant part of the order provides:

 

The Court then heard and
considered JOSEPH WESLEY FORTE=s request for
sanctions and being of the opinion that the request should be granted;

 

It is, therefore, ORDERED, ADJUDGED and
DECREED that Ayesha G. Mutope-Johnson, attorney-at-law, the attorney of record
in this cause for BARBARA JEAN FORTE, shall pay $750.00 to Andrew L. Jefferson,
Jr., counsel for JOSEPH WESLEY FORTE, as a monetary sanction for a violation of
Rule 13, Texas Rules of Civil Procedure.  Ms. Mutope-Johnson shall pay the
$750.00 sanction to Andrew L. Jefferson, Jr., no later than 30 days following
the date on which this order is signed by the Court.  This monetary award shall
earn interest at the highest legal rate if it is not paid within 30 days after
this order is signed by the Court.