**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed July 1, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00329-CV

## IN RE WILMA REYNOLDS, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 48170**

## MEMORANDUM OPINION

On May 2, 2014, relator Wilma Reynolds filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable C. G. "Trey" Dibrell, sitting as a visiting judge of the 300th District Court of Brazoria County,

to enter a final and appealable judgment in the underlying litigation or, in the alternative, to proceed to trial and final judgment. We conditionally grant relator's petition.

## BACKGROUND

Relator Wilma Reynolds and real party in interest David Reynolds divorced in 2009. In the divorce decree, the trial court awarded Wilma as her sole property fifty percent of David's 2008 post-tax estimated income from Quantlab Incentive Partners I, LLC. In 2010, Wilma filed a petition for enforcement by contempt, claiming that David failed to satisfy his obligation to convey to Wilma her share of the Quantlab income or to provide documentation verifying that amount. For purposes of this original proceeding, Wilma was operating under her third amended petition, filed in February 2014. Wilma sought relief in the form of attorney's fees and costs under the Texas Family Code, a judgment of contempt against David, an order directing David to produce various financial documents, and a liquidation of Wilma's Quantlab income award along with an order directing David to pay the amount due Wilma into the court registry.

In January 2014, David filed an amended motion for summary judgment and for sanctions in regards to a previous version of Wilma's enforcement petition. After arguing why he was entitled to summary judgment on the entirety of Wilma's petition, David argued for attorney's fees, costs, and post-judgment interest under Chapter 10 of the Texas Civil Practice and Remedies Code on the grounds that Wilma's petition was a frivolous pleading. David answered Wilma's third amended petition in April 2014. In addition to asserting several affirmative

2

defenses, David reiterated his request for sanctions in the form of attorney's fees, costs, and post-judgment interest under Chapter 10 of the Civil Practice and Remedies Code.

The trial court held a hearing on David's motion for summary judgment and sanctions on April 22, 2014, at which the court granted David's motion for summary judgment. After the court rendered its judgment, Wilma inquired as to whether the judgment resolved all issues pending in the enforcement action, or whether there would be a trial on any remaining issues. In the following colloquy between the court and the parties, the trial court clearly expressed its belief that the grant of summary judgment resolved all matters in Wilma's enforcement petition, and thus there were no issues remaining for trial. Wilma suggested David had asserted counterclaims that had not been resolved, and requested the inclusion of express finality language in the written judgment. The court declined Wilma's request, indicating that the draft language was sufficient. The resulting written order by the trial court reads:

> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND SANCTIONS**
>
> On April 22, 2014, the Court considered Respondent's Motion for Summary Judgment and Sanctions
>
> Respondent's Motion for Summary Judgment and Sanctions is hereby **GRANTED**.
>
> SIGNED AND ENTERED on April 22, 2014

In her petition for writ of mandamus, Wilma asserts the trial court abused its discretion by construing its order as a final judgment, and refusing to sign a final judgment or, alternatively, proceed to trial. Wilma argues the court's grant of summary judgment is an interlocutory order because it does not dispose of David's counterclaim for attorney's fees, assess costs against either party, or contain language indisputably disposing of all claims.

## THE MANDAMUS STANDARD

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker*, 827 S.W.2d at 837.

A trial court abuses its discretion if it: (1) reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law; (2) clearly fails to correctly analyze or apply the law; or (3) acts without reference to any guiding rules or principles. *In re Park Mem'l Condo. Ass'n, Inc.*, 322 S.W.3d 447, 449–50 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). "An act is nondiscretionary, or ministerial, when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise

of discretion." *Mattox v. Grimes Cnty. Comm'rs Court*, 305 S.W.3d 375, 380 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (op. on reh'g). An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Prudential*, 148 S.W.3d at 136.

## ANALYSIS

Although Wilma argues the trial court abused its discretion, Wilma's actual complaint is the purported failure of the trial court to perform the ministerial duty of either signing a final judgment or proceeding to trial on the remaining claims. Mandamus relief may be available where a trial court refuses to perform the truly ministerial task of entering judgment or proceeding with the consideration of a case. *See Aycock v. Clark*, 60 S.W. 665, 666 (Tex. 1901) (orig. proceeding) ("If the respondent had refused to proceed to try the plaintiffs' cause, or . . . had refused to enter judgment upon the verdict, this court would have had power . . . to have commanded him to try the cause, and . . . to compel him to enter a judgment."); *Palacios v. Rayburn*, 516 S.W.2d 292, 293 (Tex. Civ. App.—Houston [1st Dist.] 1974, orig. proceeding) ("While this court has the power to compel a trial judge to effectuate its judgment in a cause, its authority is limited to the ministerial act of entry of judgment."); *see also Ex parte Newman*, 81 U.S. (14 Wall.) 152, 165 (1871) ("Applications for a mandamus to a subordinate court are warranted . . . where the subordinate court . . . refuses to hear and decide the controversy, or where such a court . . . refuses to render judgment or enter a decree in the case . . . ."); *cf. In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig.

5

proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be.").

To obtain mandamus relief based on a trial court's failure to perform a ministerial duty, the relator must show that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform that act; and (3) refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *see also Mattox*, 305 S.W.3d at 380. David argues in his response that Wilma is not entitled to mandamus relief because she did not make the requisite request to the trial court. As a basic proposition, David is correct that "[m]andamus relief generally requires a predicate request for an action and a refusal of that request." *In re Le*, 335 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). But Wilma did request the trial court to either include more explicit finality language in the summary judgment order or otherwise proceed with trial. Even if there were some more specific request Wilma could have made, "the requirement that there be a predicate request and adverse ruling is excused when such a request would have been futile and the trial court's refusal little more than a formality." *Le*, 335 S.W.3d at 814–15. The trial court was explicit at the hearing that it viewed its ruling as disposing of all claims pending in Wilma's enforcement petition. A further request to the court by Wilma would not have added anything to the trial court's consideration. *See Le*, 335 S.W.3d at 815. Thus, Wilma's mandamus petition does not fail on this ground.

Whether Wilma is entitled to mandamus relief turns on whether the trial court's order granting David's motion for summary judgment is interlocutory, such

6

that the court's refusal to proceed with a trial or enter a final judgment would constitute a failure to perform a ministerial duty. The Supreme Court of Texas undertook an extensive review of the difficulty in determining the finality of judgments in the case of *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191 (Tex. 2001). In that decision, the supreme court held that "a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192–93; *see also id.* at 205. Although the supreme court rejected the sufficiency of the "Mother Hubbard" clause and suggested alternate language that would indicate finality, *id.* at 203–04, 206, the high court emphasized that it is the intent of the trial court and operative effect of the judgment—not necessarily the particular words used in a judgment—that determines finality. *See id.* at 200, 203, 205–06.

The record leaves no doubt that the trial court's grant of summary judgment disposed of Wilma's affirmative claims in her enforcement petition. Thus, the only question regarding finality of the court's judgment stems from David's request for attorney's fees, costs, and interest under Chapter 10 of the Civil Practice and Remedies Code. The court made no specific reference to David's request at the hearing. And although the order states the court is granting David's "Motion for Summary Judgment *and Sanctions*" (emphasis added), the record does not indicate that the court has assessed any expenses against Wilma or that the court issued an order specific to the sanctions. *See* Tex. Civ. Prac. & Rem. Code § 10.005 ("A

court shall describe in an order imposing a sanction under this chapter the conduct the court has determined violated Section 10.001 and explain the basis for the sanction imposed."). Thus, underlying Wilma's assertion that the court's judgment is interlocutory is the principal that "there is no [ ] presumption of finality following a summary judgment," *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding), coupled with the possible continued pendency of David's sanctions request.

A court may award sanctions in the form of reasonable expenses, including attorney's fees, where a party files a frivolous pleading or motion. Tex. Civ. Prac. & Rem. Code §§ 10.001, 10.004. The supreme court has commented that "a judgment does not have to resolve pending sanctions issues to be final." *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000). Several Texas courts, including this court, have made similar statements. *See, e.g.*, *In re J.R.*, 123 S.W.3d 669, 671 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("Because the relief thereby sought was in the nature of sanctions, these claims did not have to be disposed of in order for the order to become final."), *superseded by statute on other grounds as noted in In re K.M.B.*, 148 S.W.3d 618, 621 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Berger v. King*, No. 01-06-00871-CV, 2007 WL 1775991, *2 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.) ("Even without addressing the sanctions issue, the summary judgment disposed of all parties and issues in the pleadings, making it a final judgment."); *Jobe v. Lapidus*, 874 S.W.2d 764, 766 (Tex. App.—Dallas 1994, writ denied) ("A sanctions order is not a judgment. . . . If a sanctions order is not a judgment, then a

motion for sanctions is not a pleading that frames issues which must be resolved in a final judgment.") (internal citations omitted).

However, several recent decisions considering the effect of a voluntary nonsuit have construed a sanctions request as a "claim" for purposes of determining finality. Texas Rule of Civil Procedure 162, entitled "Dismissal or Non-Suit," provides that where a party takes a nonsuit: "Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief . . . . A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal . . . ." In construing this rule, the supreme court has stated that "[a] claim for affirmative relief must allege a cause of action, independent of a plaintiff's claim, on which the claimant could recover compensation or relief, even if the plaintiff abandons or is unable to establish his cause of action." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 101 (Tex. 2006) (per curiam).

Thus, in the nonsuit context, a request for sanctions may constitute a "claim" that survives a nonsuit. Notably, in *Villafani v. Trejo*, the supreme court stated:

> Whether a particular sanction is considered a claim for affirmative relief that survives a nonsuit . . . depends on the purpose of the sanction. . . . Monetary sanctions . . . may serve compensatory and punitive purposes beyond the specific proceeding and, therefore, survive a nonsuit and can be the subject of an appeal. . . . A claim for attorney's fees is not an affirmative claim where it is based solely on the defense against the other party's claims but is an affirmative claim where it is based on an independent ground or as a sanction.

9

251 S.W.3d 466, 470 (Tex. 2008) (internal citations omitted); *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 300 (Tex. 2013) (per curiam) ("[A] sanction for filing a frivolous lawsuit does survive nonsuit, else its imposition would rest completely in the plaintiff's hands, defeating its purpose."); *Crites v. Collins*, 284 S.W.3d 839, 842 (Tex. 2009) (per curiam) ("[S]tatutory sanctions may be claims for affirmative relief, which cannot be mooted by a voluntary nonsuit.").

And if a sanctions request is a "claim" that survives a nonsuit, a judgment is not final and appealable until the sanctions request is specifically disposed of by the trial court, or until the trial court issues an order with sufficient finality language. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95–97 (Tex. 2009) (per curiam) (holding order of dismissal did not dispose of sanctions motion under Chapter 10 of the Civil Practice and Remedies Code, and thus was not final and appealable); *Crites*, 284 S.W.3d at 840 ("A judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, *such as a motion for sanctions*, unless specifically stated within the order.") (emphasis added), 841 (stating with respect to pending motion for sanctions under Section 74.351(b) of the Civil Practice and Remedies Code that "[b]ecause the order of nonsuit itself does not unequivocally express an intent for the order to be a final and appealable order, and because it does not address all pending *claims*, the order was not final") (emphasis added); *see also K.J. v. USA Water Polo, Inc.*, 383 S.W.3d 593, 606 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (holding neither nonsuit nor order of dismissal disposed of

motion for sanctions brought under Chapters 10 and 13 of the Civil Practice and Remedies Code).

If Wilma had nonsuited her enforcement petition, the opinions in *CTL/Thompson*, *Unifund*, *Crites*, *Villafani*, and *K.J.* all indicate that David's Chapter 10 sanctions request still would have been pending as a claim, and would have to be disposed before there would be an appealable final judgment. In this instance, Wilma's enforcement petition was disposed of by a grant of summary judgment in favor of David, and not a nonsuit. Nevertheless, we find the foregoing precedent instructive in resolving the issue presented. Although the cited cases involve unique considerations present in the nonsuit context, we are not aware of distinguishing precedent that clearly establishes we may consider in the summary judgment context the trial court's judgment as being final and appealable notwithstanding the continued pendency of David's sanctions request, when the very same sanctions request would render a judgment interlocutory in the nonsuit context.

Indeed, both the supreme court and this court have recognized in the summary judgment context that an outstanding request for fees can constitute a claim that must be disposed for a judgment to be final. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) ("Because the judgment . . . did not dispose of the defendants' claim for attorney [sic] fees, it was not an appealable judgment."); *Ortiz v. Collins*, 203 S.W.3d 414, 420–21 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding that a request for sanctions in the form of attorney's fees under the Deceptive Trade Practices Consumer Protection Act constituted a

11

counterclaim that had to be disposed for the judgment to be final, and noting the conclusion "is also consistent with the treatment of requests for attorneys' fees in other contexts."); *cf. Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007) (per curiam) (noting summary judgment would have been interlocutory had it not addressed all of party's statutory claims for expert witness fees).

Our decision also is guided by the supreme court's instruction that: "[a] judgment 'must be read in light of the importance of preserving a party's right to appeal'; if we imply finality from anything less than an unequivocal expression, a party's right to appeal may be jeopardized." *Burlington Coat*, 167 S.W.3d at 830 (quoting *Lehmann*, 39 S.W.3d at 206). A conclusion that David's Chapter 10 request is not a claim and does not need to be resolved for the grant of summary judgment to be a final judgment would mean that Wilma would lose her right to appeal given the passage of time. *See* Tex. R. App. P. 26.1 (providing that absent an exception, a notice of appeal must be filed within 30 days after the judgment is signed); *see also Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, LLP*, 404 S.W.3d 75, 80 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If the notice of appeal is untimely, the reviewing court lacks jurisdiction and must dismiss the case.").

Accordingly, we conclude that David's request for a sanctions award under Chapter 10 of the Civil Practice and Remedies Code must be resolved for the trial court's judgment to be final and appealable. "[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language,

12

or it states with unmistakable clarity that it is a final judgment as to all claims and parties." *Lehmann*, 39 S.W.3d at 192–93. There is no clear disposition of David's Chapter 10 sanctions request in the trial court's order granting David's motion for summary judgment, and the order does not state with unmistakable clarity that it is final. Therefore, the trial court's order is interlocutory.

Because the trial court declined Wilma's request for more explicit finality language in the summary judgment order and also refused to proceed with a trial (as the court concluded no issues remained to try), Wilma is left without a final and appealable judgment. A trial court has a ministerial duty to enter a final judgment upon the disposition of all issues pending in a case, or to proceed with the consideration of issues that remain pending before it. Therefore, the trial court is required either to sign a judgment that states it is final in the manner described by the supreme court, *see Lehmann*, 39 S.W.3d at 192–93, 205, or otherwise clearly dispose of David's request for sanctions under Chapter 10 of the Civil Practice and Remedies Code, *see Crites*, 284 S.W.3d at 841 ("If other claims remain in the case, 'an order determining the last claim is final.'") (quoting *Lehmann*, 39 S.W.3d at 200). We cannot and do not express any opinion on *how* the trial court should address David's pending sanctions claim. Rather, we merely hold that the trial court must act to resolve the matter pending before it.

## CONCLUSION

For the foregoing reasons, we conditionally grant the relator's petition for writ of mandamus, and instruct the trial court to sign within a reasonable time an order rendering a final judgment or otherwise disposing of the pending request for

sanctions. We are confident that the respondent will act in accordance with this opinion. The writ will issue only if the trial court fails to do so.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.