**Connie MARTIN, Appellant,**

v.

**TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee.**

**No. 01–03–01111–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 2004.

leads to the slightly higher figure of $29,183.

Bobbie Sherril, Richmond, Leonard Mitchell Rubin, Houston, for Ad Litem.

Chris Lynn Branson, Houston, for Appellant.

James Edward Kincade, Stafford, Ramiro Canales, Asst. Atty. General, Austin, for Appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and SULLIVAN.*

## OPINION

JANE BLAND, Justice.

Appellant Connie Martin moved for sanctions against appellee, the Texas Department of Family and Protective Services (DFPS),[1] alleging that the lawsuit the

---

\* The Honorable Kent Sullivan, State District Judge of the 80th Judicial District, Harris County, Texas, sitting by assignment.

1. This agency was formerly known as the "Department of Protective and Regulatory Services." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, § 1.27, 2003 Tex. Gen. Laws 611, 641.

DFPS had filed against her was frivolous. The same day, the DFPS moved to nonsuit its claims against Martin, and the trial court granted the motion. Thereafter, Martin sought discovery against the DFPS. The DFPS responded by filing a plea to the jurisdiction, contending that the trial court had, by then, lost plenary power over the case. The trial court granted the DFPS's plea and this appeal followed. We conclude that the trial court correctly determined that it lacked plenary power and therefore we vacate its order granting the plea and dismiss this appeal.

## Background

In October 2002, the DFPS sued Martin, seeking protection of a child, conservatorship, and the termination of her parental rights. On November 20, 2002, Martin moved for sanctions. That day, the DFPS moved to nonsuit its claims, and the trial court granted the motion. In February 2003, Martin served the DFPS with a request for disclosures, and it answered them in March. Martin then served the DFPS with additional discovery requests. When the DFPS did not answer, Martin moved to compel. The DFPS responded by filing a plea to the trial court's jurisdiction. The trial court granted the plea in a written order on September 3, 2003.

## Analysis

■ We review whether a trial court has subject matter jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004).

*Trial Court Jurisdiction*

■ A trial court retains jurisdiction over a case for 30 days after it signs a final judgment or order. Tex.R. Civ. P. 329b(d). During this period, the trial court has plenary power to modify its judgment, but, after the 30 days run, the trial court loses its plenary power, and lacks jurisdiction to act in the matter. *Check v. Mitchell,* 758 S.W.2d 755, 756 (Tex.1988). A party can extend the trial court's plenary power, however, by timely filing an appropriate postjudgment motion, either a motion for new trial, Tex.R. Civ. P. 329b(e), or a motion to modify, correct or reform the judgment, Tex.R. Civ. P. 329b(g), within the 30 days after the trial court signs the final judgment or order. A timely motion for new trial or motion to modify extends the trial court's jurisdiction over its judgment up to an additional 75 days, depending on when or whether the court acts on the motions. *Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985); Tex.R. Civ. P. 329b(c). If a motion for new trial or to modify a judgment is not denied in a written order, then the motion is overruled by operation of law 75 days after the trial court signs the judgment. Tex.R. Civ. P. 329b(c). The trial court retains plenary power to alter its judgment for 30 days after it is overruled by operation of law. Tex.R. Civ. P. 329b(c), (e).

*Nonsuits*

■ Rule 162 provides that a plaintiff may nonsuit a case, "at any time" before the introduction of all of the plaintiff's evidence, as the DFPS did in this case. Tex.R. Civ. P. 162. It further provides:

> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief ... A dismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal, as determined by the court.

*Id.* After a trial court loses plenary power, however, it has no authority to award sanctions. *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 (Tex. 1996); *In re T.G.,* 68 S.W.3d 171, 179

(Tex.App.-Houston [1st Dist.] 2002, pet. denied) (op. on reh'g); *Jobe v. Lapidus,* 874 S.W.2d 764, 766–68 (Tex.App.-Dallas 1994, writ denied). Thus, a trial court retains jurisdiction for 30 days after signing a final order of nonsuit to rule on pending motions. *See* Tex.R. Civ. P. 329b(d); *In re Bennett,* 960 S.W.2d 35, 38 (Tex.1997) ("Appellate timetables do not run from the date a nonsuit is filed, but rather from the date the trial court signs an order of dismissal.").

*The Pending Motion for Sanctions*

■ Martin contends that her motion for sanctions is a claim for affirmative relief that not only survives the DFPS's nonsuit under Rule 162, but also extends the trial court's plenary power until its resolution. Martin notes that she moved for sanctions before the trial court signed the nonsuit order. The record supports her contention.[2] Martin further contends that the dismissal order was not a final order, as it failed to address her request for sanctions. The Texas Supreme Court, however, has held that a judgment need not resolve a pending sanctions motion to be final. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 312 (Tex. 2000) (agreeing that a judgment does not have to resolve pending sanctions issues to be final). We also have so held. *See In re T.G.,* 68 S.W.3d at 179.

Martin relies on *Mattly v. Spiegel, Inc.,* 19 S.W.3d 890, 894 (Tex.App.-Houston [14th Dist.] 2000, no pet.) and *McAllister v. Samuels,* 857 S.W.2d 768 (Tex.App.-Houston [14th Dist.] 1993, no writ) to support her contention that a motion for sanctions is a claim for affirmative relief that

survives a nonsuit. *Mattly* since has been disavowed by the Fourteenth Court of Appeals in *In re J.R.,* 123 S.W.3d 669, 671 n. 6 (Tex.App.-Houston [14th Dist.] 2003, no pet.) and we have declined to follow it. *See In re T.G.,* 68 S.W.3d at 179. Martin cites *McAllister* only for the proposition that "a claim for frivolous lawsuit damages is a claim for affirmative relief." *See McAllister,* 857 S.W.2d at 779. We have recently held, however, that a motion for sanctions pursuant to Chapter 105 of the Texas Civil Practice and Remedies Code does not present a claim for affirmative relief. *Torres v. Tex. Dep't of Family and Protective Servs.,* No. 01–03–01125–CV, 2004 WL 1631305, at *2 (Tex.App.-Houston [1st Dist.] July 22, 2004, no pet. h.) (mem. op.); *see* Tex. Civ. Prac. & Rem.Code Ann. § 105.001–.004 (Vernon 1997) (allowing a "motion" for sanctions, not an affirmative "claim"). The trial court's November 20, 2002 order granting nonsuit is a final judgment, and thus the trial court lost its plenary power, including its power to sanction the DFPS, 31 days later. After this date, the trial court had no jurisdiction to enter any sanctions award. *Torres,* 2004 WL 1631305, at *2–3. We hold that Martin's motion for sanctions did not present a claim for affirmative relief, and the trial court's order of dismissal was a final order.

■ Judicial action taken after the trial court's plenary power has expired is void. *See State ex. rel Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); *see also Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (defining a void judgment as one rendered when a court has no jurisdiction over parties or subject matter, no

---

2. The record reflects that the clerk filed the motion for non-suit at 10:36 a.m. and the order granting the non-suit at 10:36 a.m. on the same day. Martin filed an amended motion for sanctions the day after the trial court signed the nonsuit. In the trial court, Martin argued that she filed her motion for sanctions prejudgment. In any event, her amended motion for sanctions does not extend the trial court's plenary power. *In re T.G.,* 68 S.W.3d at 176.

jurisdiction to render judgment, or no capacity to act as a court). A party affected by void judicial action need not appeal. *State ex rel. Latty*, 907 S.W.2d at 486. If an appeal is taken, however, the appellate court should declare void any orders the trial court signed after it lost plenary power over the case. *Id.*

After the trial court lost plenary power, it granted a plea to the jurisdiction on September 3, 2003. Because the trial court had lost its plenary power, the trial court's order granting the DFPS's plea is void.[3] *Id.* An appellate court should declare post-plenary-power orders void and dismiss any appeal. *See id.*

### Conclusion

We conclude that the trial court correctly determined that it had no plenary power. Thus, its order granting the DFPS plea to the jurisdiction is void, and we vacate the order and dismiss the appeal.

---

3. Martin filed an amended motion for sanctions on November 21, 2002. Even if Martin's amended motion for sanctions qualifies as a motion to modify the judgment, the result in this case would be the same. A motion to modify filed after a final judgment extends the trial court's plenary power for a total of 105 days. *See* Tex.R. Civ. P. 329b(c), (e). Thus, the trial court's plenary power would have expired on March 6, 2003, without any trial court ruling on the motion for sanctions.