Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00205-CV

———————————

Tomas Gonzalez, Appellant

V.

Department
of Family & Protective Services, Harris County Attorney's Office &
William S. Cox, Appellees



 



 

On Appeal from the 311th District Court

Harris County, Texas



Trial Court Case No. 2009-00394

 



 

MEMORANDUM OPINION

This is a
divorce case in which the Department of Family and Protective Services (DFPS)
intervened, seeking sole managing conservatorship of three minor children based
on allegations of abuse and neglect against their father, appellant Tomas
Gonzalez.  At issue here is whether the
trial court retained plenary power more than thirty days after the final
divorce decree was signed to adjudicate appellant’s request for sanctions
against DFPS.  We conclude that the trial
court lacked plenary power to rule on request for sanctions, and we lack
jurisdiction over appellant’s appeal.  We
therefore vacate the trial court’s order and dismiss this appeal.  

BACKGROUND

Gonzalez moved to strike DFPS’s
intervention in the divorce proceeding and moved for sanctions against DFPS,
alleging that its pleadings against him were frivolous.  On June 22, 2010, the trial court signed an
order dismissing DFPS’s suit.  On July
19, 2010, the trial court signed an agreed judgment adjudicating the issues in
the underlying divorce proceedings.  That
judgment contained the following language:

IT IS ORDERED AND DECREED that all relief
requested in this case and not expressly granted is denied.  This is a final judgment, for which let
execution and all writs and processes to enforce this judgment issue.  This judgment finally disposes of all claims
and all parties and is appealable.  

Gonzalez signed this agreed judgment, expressly
approving “as to both form and substance.” 


On August 16, 2010, the trial court
held a hearing on Gonzalez’s motion for sanctions against DFPS, which it then
adjourned until September 17, 2010. 

DFPS filed a plea to the
jurisdiction alleging that the court lacked of plenary power and argued that the
DEPS defendants were immune from suit under the doctrines of sovereign,
official, and prosecutorial immunity. 
Gonzalez filed a response in opposition to the immunity plea to the
jurisdiction and a motion for entry of judgment nunc pro tunc “to correct the
clerical error in including the [finality] language relied upon now by [DFPS]
to argue lack of jurisdiction.” 

The sanctions hearing was again
continued and then reconvened on February 10, 2011.  At that hearing, the trial court explained
that, despite its jurisdictional concerns, it had allowed the parties to put on
their evidence because it wanted the parties to have a complete record on
appeal of the sanctions issues in case the court was wrong about its lack of
jurisdiction.  At that hearing, the court
granted the plea to the jurisdiction, and denied Gonzalez’s request for
judgment nunc pro tunc.  Gonzalez filed
an appeal “from the final judgment signed by th[e] Court on February 10,
2011.”  

JURISDICTION

A.   Finality of the Divorce Decree

We review a trial court’s subject-matter
jurisdiction de novo.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

The issue of whether a judgment is final
and appealable rests on the application of the principles announced in Lehmann v. Har-Con Corp.:

[I]n cases in which only one final and
appealable judgment can be rendered, a judgment issued without a conventional
trial is final for purposes of appeal if and only if either it actually
disposes of all claims and parties then before the court, regardless of its
language, or it states with unmistakable clarity that it is a final judgment as
to all claims and all parties.

39 S.W.3d 191, 192–93 (Tex. 2001).  In other words, “the
language of an order or judgment may make it final, even though it should have
been interlocutory, if that language expressly disposes of all claims and all
parties.”  Kleven v. Tex. Dep’t of Criminal Justice-I.D., 69 S.W.3d 341, 344
(Tex. App.—Texarkana 2002, no pet.) (citing Lehmann,
39 S.W.3d at 195).  “The intent to
finally dispose of the case must be unequivocally expressed in the words of the
order itself.”  Id.  “If the intent to
dispose of the case is clear from the order, the order is final and appealable.”  Id.   “A
judgment that grants more relief than a party is entitled to is erroneous and
subject to reversal, but it is not, for that reason alone, interlocutory.”  Id.


The July 19, 2010 judgment in this
case states that it is “a final judgment” and that it “finally disposes of all
claims and all parties and is appealable.” 
While Gonzalez complains that the judgment cannot be final because it
does not dispose of his claim for sanctions, we have expressly recognized that a
judgment need not resolve a pending sanctions motion to be final.  In re
T.G., 68 S.W.3d 171, 179 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (citing
Lane Bank Equip. Co. v. Smith S. Equip.,
Inc., 10 S.W.3d 308, 312 (Tex. 2000)).  Moreover, under Lehmann, this judgment is final because it states “with
unmistakable clarity that it is a final judgment as to all claims and all
parties.” 39 S.W.3d at 192–93.     

B.   Plenary Power

A trial court retains jurisdiction
over a case for 30 days after it signs a final judgment or order.  Tex. R.
Civ. P. 329b(d).  During this
period, the trial court has plenary power to modify its judgment but, after the
30 days run, the trial court loses its plenary power and lacks jurisdiction to
act in the matter.  See generally Check v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988).[1] 

C.   Order Granting Plea to the
Jurisdiction

“After a trial court loses plenary
power . . . it has no authority to award sanctions.”  Martin
v. Tex. Dep’t of Family & Protective Servs., 176 S.W.3d 390, 392 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (citing Scott & White Mem’l Hosp. v. Schexnider, 940 S.W.2d 594, 596
(Tex.1996)).  The trial court’s February
10, 2011 order granting DFPS’s plea to the jurisdiction was signed more than
thirty days after the court’s July 19, 2010 final judgment.  It was thus signed after the trial court’s
plenary period expired.  

“Judicial action taken after the
trial court’s plenary power has expired is void.”  Martin,
176 S.W.3d at 393 (citing State ex. rel
Latty v. Owens, 907 S.W.2d 484, 486 (Tex.1995)).  “An appellate court should declare
post-plenary-power orders void and dismiss any appeal.” Id. at 394.  

The trial court correctly
determined that it lacked jurisdiction over Gonzalez’s request for sanctions,
but erred by entering an order granting the DFPS defendants’ plea to the
jurisdiction after its plenary power had expired.  That order is void.  

D.   Order Denying Request for Nunc Pro
Tunc Judgment 

Although the single issue statement
in Gonzalez’s brief complains only about the trial court granting DFPS’s plea
to the jurisdiction, an argument section of his brief is dedicated to the
alternative argument that there is a clerical error in the judgment which, if
corrected, would restore to the trial court the power to hear his request for
sanctions.  To the extent this is a
complaint about the trial court’s denial of Gonzalez’s request for judgment
nunc pro tunc, we lack jurisdiction to review that order.  An order denying a motion for judgment nunc
pro tunc is not a final, appealable order, Shadowbrook
Apartments v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex. 1990); nor does it
create an interlocutory appeal.  Emerson v. Emerson, No. 03-04-00231-CV,
2004 WL 1066352, at *1 (Tex. App.—Austin May 13, 2004, no pet.) (mem. op.); see also Tex. Civ. Prac. & Rem. Code Ann.  § 51.014 (Vernon 2012).     

CONCLUSION

The trial court’s order granting
DFPS’s plea to the jurisdiction was entered outside the trial court’s
jurisdiction and is thus void.  We thus
vacate the order and dismiss the appeal.   

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.











[1]
          The trial court’s plenary power can
be extended by the timely filing of an appropriate postjudgment motion.  Tex.
R. Civ. P. 329b.  No such motion
was filed in this case.