**Opinion issued August 7, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00849-CV

———————————

## MARVINELL HARLAN, Appellant

## V.

## TEXAS WORKFORCE COMMISSION, APPEAL TRIBUNAL, HEARING OFFICER J. KOEHN, HEARING OFFICER L. LAWRENCE, AND COMMISSIONERS HOPE ANDRADE AND ANDRES ALCANTAR, Appellees

---

## On Appeal from the 190th District Court
## Harris County, Texas
## Trial Court Case No. 2015-11049

---

## MEMORANDUM OPINION

Appellant, Marvinell Harlan, attempts to appeal from the trial court's final judgment, signed on October 3, 2016. We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the date the judgment is signed if, within thirty days after the judgment is signed, any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See id*. 26.1(a); TEX. R. CIV. P. 296, 329b(a), (g). The time to file a notice of appeal also may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day extension period provided by rule 26.3. *See id.* 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997).

Here, the trial court, on October 3, 2016, signed a final judgment granting appellee Texas Workforce Commission's plea to the jurisdiction, dismissing Harlan's suit for lack of jurisdiction, and stating that the judgment "is a final disposition of all parties and all claims." Because Harlan timely filed a motion for new trial, a notice of appeal was due by January 2, 2017, or by January 17, 2017, with a fifteen-day extension. *See* TEX. R. APP. P. 26.1(a), 26.3; *see also* TEX. R. CIV.

P. 329b(a). Harlan filed her notice of appeal more than nine months later on October 27, 2017.

The Clerk of this Court notified Harlan that the appeal was subject to dismissal for want of jurisdiction unless she filed a response showing how this Court has jurisdiction over her appeal. Harlan responded with a "Motion to Accept Appeal of the Judgment Given to Harlan on the Phone on October 23, 2017" and "2nd Motion to Accept Appeal of the Judgment Given to Harlan on the Phone on October 23, 2017." Harlan's motions and other documents filed in this appeal indicate that Harlan "arranged" a hearing on her motion for new trial for October 23, 2017; and on October 3, 2017, the Commission filed a response to the motion for new trial, asserting that the trial court "no longer [had] jurisdiction over this matter." According to Harlan's notice of appeal, on October 23, 2017, the trial court "called . . . Harlan and told Harlan that [the trial court] did not have jurisdiction to hear this case." Harlan states that she "has not received any 'written' judgment" and "appeals the judgment she received on the phone." She asserts that she "was not late filing [the] notice of appeal for the JUDGMENT given to her over the phone on October 23, **2017.**"

Harlan has not demonstrated that we have jurisdiction over the appeal. The trial court signed the final judgment on October 3, 2016.  The deadline for filing a notice of appeal started to run on that date and not on the date that a motion for new

trial was overruled by written order or operation of law. *See Powell v. Linh Nutrition Programs, Inc.*, No. 01-03-00919-CV, 2005 WL 375334, at *1 (Tex. App.—Houston [1st Dist.] Feb. 17, 2005, no pet.) (mem. op.) (citing *Naaman v. Grider*, 126 S.W.3d 73, 74 (Tex. 2003)); *Weik v. Second Baptist Church of Hous.*, 988 S.W.2d 437, 438 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *see also Fletcher v. Ahrabi*, No. 01-12-00794-CV, 2012 WL 6082915, at *1 (Tex. App.—Houston [1st Dist.] Dec. 6, 2012, no pet.) (mem. op.) ("An order denying a motion for new trial is not independently appealable."). Accordingly, Harlan's notice of appeal was due no later than January 2, 2017, or January 17, 2017, with a fifteen-day extension.

Moreover, Harlan's motion for new trial was overruled by operation of law on December 19, 2016. *See* TEX. R. CIV. P. 4.1, 329b(c). The trial court then had "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment" until January 18, 2017. *Id.* 329b(e); *see Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). After that date, the trial court did not have jurisdiction to modify the October 3, 2016 judgment or act in the case. *See Xiaodong Li v. DDX Group Inv., LLC*, 404 S.W.3d 58, 63 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *Martin*, 176 S.W.3d at 392.

Harlan's notice of appeal, filed on October 27, 2017, was untimely. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX.

R. APP. P. 25.1; *Brown Mech. Servs., Inc. v. Mountbatten Sur. Co.*, 377 S.W.3d 40, 44 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.