

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-16-00422-CV

---

MICHAEL C. MCDOUGAL, APPELLANT

V.

DELBERT AND CAROLYN MCDOUGAL AND D. MARC MCDOUGAL
AND THE MCDOUGAL TRUST, APPELLEES

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2015-514,759, Honorable William C. Sowder, Presiding

---

October 10, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Michael C. McDougal appeals a sanctions order issued against him and in favor of appellees Delbert McDougal, Carolyn McDougal, D. Marc McDougal, and the McDougal Trust. He contends the order is void because it was issued outside the trial court's plenary power. We disagree, and will overrule the contention.

## Background

Delbert McDougal and Carolyn McDougal are husband and wife and the parents of Michael C. McDougal[1] and D. Marc McDougal. After his removal as chief financial officer for the McDougal Companies, Mike sued appellees in February 2015. They answered and filed counter-claims. The parties reached a settlement of their disputes and on May 4, 2016, filed a joint notice of nonsuit of all their respective claims. They requested dismissal of the litigation with prejudice.

Immediately thereafter a dispute arose concerning Mike's alleged failure to produce relevant documents in the litigation. During June 2016, appellees filed a motion requesting the court to order Mike to "show cause" why certain books and records were not produced. They also applied for a temporary injunction seeking to bar Mike from filing a tax return for one of the family's entities. Mike objected, citing the parties' settlement and nonsuit of all claims.

Appellees then filed a motion asking the trial court to sanction Mike for failing to produce relevant documents. They sought an order compelling production of the documents within five days and a contempt citation should he fail to comply. In a motion filed on September 9, appellees asked the court, "to the extent necessary," to reinstate the case for disposition of their motion for sanctions.

---

[1] As does appellant's brief, for convenience we will refer to appellant as "Mike" and to appellees by that designation.

On September 12, 2016, the trial court heard appellees' motion for sanctions. Before the hearing began, counsel for Mike presented a proposed order for the court's consideration and signature. The order provided:

> On May 4, 2016, an Agreed Nonsuit with Prejudice was filed by all parties in this matter. No party has filed a Motion for Reinstatement. The Court finds that an Order of Dismissal with Prejudice should be ENTERED, and it is, therefore,
>
> ORDERED that all said claims are dismissed with prejudice; and
>
> IT IS FURTHER ORDERED that this Order fully disposes of all claims and all parties, other than claims that survive a final judgment as a matter of law, and this Order is appealable.

Counsel explained to the court the clause "other than claims that survive a final judgment as a matter of law" was "expressly drafted not to affect" the hearing of appellees' motion for sanctions. Appellees' counsel stated, "I don't have objection to the form" of the proposed dismissal order. The court signed the order in the form presented and proceeded with the sanctions hearing. The court signed the sanctions order, made the subject of this appeal, on October 17, 2016.

Analysis

A court cannot issue an order of sanctions after its plenary power has expired. *Scott & White Mem'l Hosp. v. Schexnider,* 940 S.W.2d 594, 596 & n.2 (Tex. 1996) (per curiam) (op. on reh'g). Whether the trial court had subject matter jurisdiction is a question of law we address de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004).

In support of his single appellate issue contending the court issued its October 17 sanctions order after its plenary power expired, Mike's brief first relies on the fact appellees' motion for sanctions was filed after the parties filed their joint notice of nonsuit. He emphasizes case law establishing that a nonsuit extinguishes the parties' controversy from the moment it is filed,[2] and points to language of Rule of Civil Procedure 162 stating dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, *pending at the time of dismissal*, as determined by the court." TEX. R. CIV. P. 162 (italics ours). It is settled, however, that the signing by the trial court of an order dismissing a case, not the filing of a notice of nonsuit, is the starting point to determine when the trial court's plenary power expires. *In re Bennett,* 960 S.W.2d 35, 38 (Tex. 1997) (orig. proceeding) (per curiam). It is settled also that the language of Rule 162 on which Mike relies applies only to sanctions motions filed before the nonsuit, and does not speak to the trial court's authority to act on such motions filed after the nonsuit. *Scott & White,* 940 S.W.2d at 596; *see Villafani v. Trejo*, 251 S.W.3d 466, 469 (Tex. 2008) (applying *Scott & White*). For those reasons, the trial court did not lack jurisdiction to rule on appellees' motion for sanctions merely because it was filed after the notice of nonsuit.

Mike next argues the trial court's plenary power expired thirty days after its September 12 order of dismissal, and the sanctions order signed October 17 was outside its plenary power and void. *See* TEX. R. CIV. P. 329b(d) (plenary power retained for thirty days after trial court signs final judgment); TEX. R. CIV. P. 329b(e),(g) (timely filed motions for new trial and to modify, correct, or reform extend period of plenary power). Whether

---

[2] *See, e.g., Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon,* 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

4

the trial court's October 17 order was signed after expiration of its plenary power depends in the first instance on whether the September 12 dismissal order was a final judgment. "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001). Any doubt as to a judgment's finality is resolved by determining the trial court's intention gleaned from the language of the order and the record as a whole, "aided on occasion by the conduct of the parties." *Vaughn v. Drennon,* 324 S.W.3d 560, 563 (Tex. 2010) (per curiam) (quoting *Lehmann,* 39 S.W.3d at 203) (quotation marks omitted).

The sequence of events presented here is like that in *Crites v. Collins*, 284 S.W.3d 839 (Tex. 2009) (per curiam), in which a motion for sanctions was filed after the plaintiffs filed notice of nonsuit but before the trial court signed an order of dismissal. *Id.* at 840; *see Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 96-97 (2009) (per curiam) (discussing and applying *Crites*). Citing *Lehmann,* the court in *Crites* stated, "[a] judgment dismissing all of a plaintiff's claims against a defendant, such as an order of nonsuit, does not necessarily dispose of any cross-actions, such as a motion for sanctions, unless specifically stated within the order." 284 S.W.3d at 840-41. The language of the brief order of dismissal following nonsuit in *Crites* did not unequivocally express an intent to dispose of all claims and all parties, but specifically disposed only of the plaintiffs' claims against the defendant. And it did not address that defendant's pending motion for sanctions. 284 S.W.3d at 841. The court held the dismissal order was not final, and that the appellate timetable began when the trial court issued its second order denying

sanctions. *Id.* In addition to the order's language, the court found it instructive, as evidence of the trial court's intent, that the court held a hearing on the motion for sanctions thirty-six days after it signed the order of dismissal. *Id.* (citing *Lehmann,* 39 S.W.3d at 195).

Unlike the dismissal order in *Crites*, the nonsuit here resulted from the negotiated settlement of the claims alleged between Mike and appellees, and the dismissal order granted the nonsuit with prejudice that the parties' agreed notice of nonsuit requested.[3] The order contains some language of finality, but it does not unequivocally indicate finality. The order states it "fully disposes of all claims and all parties, other than claims that survive a final judgment as a matter of law, and . . . is appealable." *See Lehmann,* 39 S.W.3d at 200 (court's intent to finally dispose of a case "must be unequivocally expressed in the words of the order itself").

Standing alone, the meaning of the order's language of exception, "other than claims that survive a final judgment as a matter of law . . . ." might be difficult to ascertain, but events at the hearing at which it was signed clarify the language's intent. As we have

---

[3] The nonsuit notice, signed by counsel for all parties and entitled "Agreed Nonsuit with Prejudice," reads:

> The parties give written notice of their nonsuit on all claims.
>
> 1. The parties have settled this suit.
>
> 2. Each party herein asks the Court to sign an order of nonsuit on all claims.
>
> 3. Each party requests a dismissal with prejudice.

*See Travelers Ins. Co. v. Joachim,* 315 S.W.3d 860, 863 (Tex. 2010) (noting "[m]any litigants use a nonsuit as a procedural device to effectuate a settlement agreement, intentionally dismissing claims with prejudice").

noted, counsel for Mike explained to the court the clause was "expressly drafted not to affect" the hearing of appellees' motion for sanctions. From our review of the record, we are satisfied the clause was intended by the parties, and understood by the court, to make clear the court was not ruling on the motion for sanctions in the order of dismissal. No party takes the position that the dismissal order implicitly dismissed, or denied, the motion for sanctions.

The subsequent conduct of the parties, and the court, also demonstrate the dismissal order was not intended as a final judgment. The dismissal order was signed at the outset of the hearing on appellees' motion for sanctions. After it signed the order, the court immediately proceeded with the hearing on sanctions. From the language of the order and the record as a whole, *Vaughn,* 324 S.W.3d at 563, we conclude the dismissal order was not intended as a final judgment.

Mike cites *Martin v. Texas Dep't of Family & Protective Servs.,* 176 S.W.3d 390 (Tex. App.—Houston [1st Dist.] 2004, no pet.), in which the court found that a motion for sanctions subject to Rule 162 did not present a claim for affirmative relief and the trial court's order granting a nonsuit was a final judgment. We do not agree *Martin* should control our decision. In *Villa*, the supreme court distinguished *Martin* and similar cases "in which a pending sanctions order was held to be void because it was entered after the trial court's plenary power expired following entry of a judgment determined to have been final." 299 S.W.3d at 96; *see Martin,* 176 S.W.3d at 393 ("trial court's order of dismissal was a final order"). Applying *Crites,* the court in *Villa* went on to hold the trial court's dismissal order was not a final judgment, and its plenary power thus had not expired before it signed its later sanctions order. 299 S.W.3d at 97 (citing *Crites*, 284 S.W.3d at

7

841).  Likewise applying *Crites*, we have determined the trial court's September 12 order was not a final judgment.  For that reason, *Martin* is inapposite.  *See also Am. Heritage Capital, LP v. Gonzalez,* 436 S.W.3d 865, 871 (Tex. App.—Dallas 2014, no pet.); *Walter v. Teller,* No. 02-12-00028-CV, 2013 Tex. App. LEXIS 13762 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (mem. op. on reh'g); *In re Anderson,* No. 01-10-00182-CV, 2010 Tex. App. LEXIS 2943 (Tex. App.—Houston [1st Dist.] Apr. 19, 2010, orig. proceeding) (mem. op.) (all applying *Crites* and *Villa*).

Because we find the September 12 order was not a final judgment,[4] the court's plenary power had not expired at the time it signed the October 17 sanctions order.  Mike's appellate issue is overruled, and the trial court's sanctions order is affirmed.


James T. Campbell
Justice


Pirtle, J., dissenting.

---

[4] We have no occasion to reach appellees' alternative argument that their prematurely-filed motion to reinstate sufficed as a proper post-trial motion and extended the court's plenary power.