

# IN THE
# TENTH COURT OF APPEALS

**No. 10-19-00009-CV**
**No. 10-19-00010-CV**
**No. 10-19-00011-CV**
**No. 10-19-00012-CV**
**No. 10-19-00013-CV**

**PATRICK WAYNE BOREN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 1997-543-C, 1999-63-C2,**
**2005-1640-C2, 2005-1165-C2 and 2009-762-C2**

## ABATEMENT ORDER

In each of the cases underlying these appeals, the trial court signed an order to withdraw funds from Appellant Patrick Wayne Boren's inmate account with the Texas Department of Criminal Justice. Boren thereafter filed in each case a *pro se* "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal

Notifications." On December 14, 2018, the trial court signed an order in each case, denying Boren's motion.

On January 8, 2019, Boren filed notices of appeal from the trial court's December 14, 2018 orders. But on February 11, 2019, the trial court *sua sponte* signed in each case an "Order Withdrawing Garnishment Order," which granted Boren's "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal Notifications" and "Ordered, Adjudged and Decreed that the Garnishment Order entered in this cause is withdrawn . . . ." In each of these appeals, Boren has therefore filed a "Motion to Withdraw His Appeal as Moot."[1]

Section 501.014(e) of the Texas Government Code governs the withdrawal of funds from an inmate's account for the recovery of fines and court costs. *See* TEX. GOV'T CODE ANN. § 501.014(e). Proceedings under section 501.014(e) "are civil in nature and not part of the underlying criminal case." *Harrell v. State*, 286 S.W.3d 315, 316 (Tex. 2009). Proceedings under section 501.014(e) are therefore governed by the Rules of Civil Procedure, and generally, under the Rules of Civil Procedure, a trial court's plenary power expires thirty days after a judgment or appealable order is signed unless it is extended, such as by a timely filed motion for new trial. *See* TEX. R. CIV. P. 2, 306a(1), 329b(d).

---

[1] Boren's motion does not contain proper proof of service. To expedite this matter, we will implement Texas Rule of Appellate Procedure 2 and suspend Rule 9.5's proof-of-service requirement **for this document only**. *See* TEX. R. APP. P. 2, 9.5. The Clerk of this Court is ordered to forward a copy of these documents to the appellee immediately.

Here, the trial court's December 14, 2018 order denying Boren's "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal Notifications" was a final, appealable order in each case. *See Owen v. State*, 352 S.W.3d 542, 545 (Tex. App.—Amarillo 2011, no pet.); *Ramirez v. State*, 318 S.W.3d 906, 908 (Tex. App.—Waco 2010, no pet.). No timely post-judgment motions were filed. It appears that the trial court's plenary power to vacate, modify, correct, or reform the December 14, 2018 order in each case therefore expired on January 14, 2019. *See* TEX. R. CIV. P. 4, 306a(1), 329b(d). For these reasons, we question whether the trial court had jurisdiction to sign the February 11, 2019 "Order Withdrawing Garnishment Order" in each case or whether the February 11, 2019 orders are void. *See Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 393-94 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("Judicial action taken after the trial court's plenary power has expired is void.").

We thus abate these appeals for a period of 14 days from the date of this Order, thereby reinvesting the trial court with jurisdiction over the proceedings.

During this period of abatement, if the trial court signs an order that withdraws, or sets aside, the orders the trial court signed on December 14, 2018, similar in content and intent to that document signed on February 11, 2019, purporting to withdraw its orders signed on December 14, 2018, then it appears these appeals will become moot. If the trial court takes no action with regard to withdrawing or setting aside the December 14, 2018 orders during the period of the ordered abatement of these appeals, the appeals will be reinstated and will be processed and considered in due course.

The trial court clerk is ordered to file a supplemental record in these proceedings containing any order signed by the trial court during the period that these proceedings are abated as ordered herein, within 28 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Appeal abated
Order issued and filed March 27, 2019

