

# IN THE
# TENTH COURT OF APPEALS

No. 10-19-00009-CV
No. 10-19-00010-CV
No. 10-19-00011-CV
No. 10-19-00012-CV
No. 10-19-00013-CV

**PATRICK WAYNE BOREN,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court Nos. 1997-543-C, 1999-63-C2,**
**2005-1640-C2, 2005-1165-C2 and 2009-762-C2**

## MEMORANDUM  OPINION

In each of the cases underlying these appeals, the trial court signed an order to withdraw funds from Appellant Patrick Wayne Boren's inmate account with the Texas Department of Criminal Justice.  Boren thereafter filed in each case a *pro se* "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal

Notifications." On December 14, 2018, the trial court signed an order in each case denying Boren's motion.

Boren filed notices of appeal from the trial court's December 14, 2018 orders. But on February 11, 2019, the trial court *sua sponte* signed in each case an "Order Withdrawing Garnishment Order," which granted Boren's "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal Notifications" and "Ordered, Adjudged and Decreed that the Garnishment Order entered in this cause is withdrawn ...." In each of these appeals, Boren therefore filed a "Motion to Withdraw His Appeal as Moot."

We questioned whether the trial court had jurisdiction to sign the February 11, 2019 "Order Withdrawing Garnishment Order" in each case or whether the February 11, 2019 orders were void. *See Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 393-94 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("Judicial action taken after the trial court's plenary power has expired is void."). We thus abated these appeals, thereby reinvesting the trial court with jurisdiction over the proceedings. During the period of abatement, the trial court signed another "Order Withdrawing Garnishment Order" in each case, withdrawing the December 14, 2018 orders and granting Boren's "Motion for the Court to Rescind the Court's Garnishment Orders and the Court's Withdrawal Notifications."

Appellate courts lack jurisdiction to decide moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if

Boren v. State                                                                 Page 2

the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012).

This Court's abatement order notified the parties that it appeared that these appeals would become moot if during the period of abatement, the trial court signed an order that withdrew, or set aside, the orders that the trial court signed on December 14, 2018, similar in content and intent to that document signed on February 11, 2019, purporting to withdraw its orders signed on December 14, 2018. As stated above, the trial court signed such an order. Accordingly, we conclude that these appeals have become moot, and we therefore dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Boren's "Motion to Withdraw His Appeal as Moot," based on the document signed by the trial court on February 11, 2019, is also dismissed in each case.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeals dismissed
Opinion delivered and filed April 17, 2019
[CV06]

