**Reversed and Rendered and Memorandum Opinion filed September 30, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00978-CV**

---

**BRENDA CAY HEMENWAY, Appellant**

**V.**

**JOHN RICHARD HEMENWAY, Appellee**

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-00013**

---

## MEMORANDUM  OPINION

In one issue in this divorce proceeding between Brenda Cay Hemenway and John Richard Hemenway, appellant Brenda Cay Hemenway contends that the trial court erred in signing a sanctions order after its plenary power expired. Concluding the trial court lacked subject matter jurisdiction to order sanctions at the time it signed the order, we reverse the trial court's void sanctions order and render the judgment the trial court should have rendered, dismissing appellee's motion for

sanctions for lack of subject matter jurisdiction.[1]

We review a trial court's subject matter jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The trial court signed an agreed final divorce decree in July 2018, ordering, among other things, "that all relief requested in this case and not expressly granted is denied. This Decree finally disposes of all parties and all claims." The divorce decree thus is a final judgment. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001). A trial court's plenary power expires thirty days after a final judgment is signed in the absence of a timely postjudgment motion. Tex. R. Civ. P. 329b(d). No postjudgment motion was filed within thirty days after the trial court signed the divorce decree. The trial court's plenary power accordingly expired in August 2018.

After a trial court loses plenary power, it has no authority to award sanctions. *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex. 1996); *Kenseth v. Dallas Cty.*, 126 S.W.3d 584, 600 (Tex. App.—Dallas 2004, pet. denied). In November 2019, the trial court signed the order at issue in this appeal sanctioning Brenda Cay Hemenway's attorney Michael Rinehart. After its plenary power expires, a trial court in divorce proceedings has continuing, yet limited, postjudgment jurisdiction to enforce and clarify the decree's property division and

---

[1] The trial court signed two sanctions orders in this case against Brenda Cay Hemenway's attorney Michael Rinehart. The trial court signed the first sanctions order before it rendered a final decree. Brenda Cay Hemenway implies that the divorce decree superseded the first sanctions order. John Richard Hemenway, appearing pro se on appeal, contends that the first sanctions order is valid and enforceable. The enforceability of that order is not at issue in this appeal because such an appeal at this juncture would be untimely. *See Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex. 1991) (holding right to appeal sanctions order accrued when trial court rendered final judgment); *cf. Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 312 (Tex. 2000) (declining to address whether sanctions order must be included in final judgment).

to render qualified domestic relations orders (QDRO). Tex. Fam. Code §§ 9.006, 9.008, 9.101; *see also Gainous v. Gainous*, 219 S.W.3d 97, 106-08 (Tex. App.— Houston [1st Dist.] 2006, pet. denied). The sanctions order in this case does not pertain to the enforcement or clarification of the property division or to a QDRO. Accordingly, the trial court did not have jurisdiction to order sanctions in November 2019. *See Price v. Price*, No. 02-14-00319-CV, 2015 WL 4652753, at *2 (Tex. App.—Fort Worth Aug. 6, 2015, no pet.) (mem. op.) (citing *Malone v. Hampton*, 182 S.W.3d 465, 468-69 (Tex. App.—Dallas 2006, no pet.)).

Because the trial court ordered sanctions after its plenary power expired, it lacked subject matter jurisdiction, and the November 2019 sanctions order is void.[2] *See id*. at *2-3; *see also Martin*, 176 S.W.3d at 392-93; *Gainous*, 219 S.W.3d at 107-08 (recognizing divorce court's plenary power and limited, postjudgment power are jurisdictional concepts). We reverse the trial court's void sanctions order and render the judgment the trial court should have rendered, dismissing appellee's motion for sanctions for lack of subject-matter jurisdiction. *See* Tex. R. App. P. 43.2(c); *Price*, 2015 WL 4652753, at *3; *see also Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination.").

---

[2] Brenda Cay Hemenway also seeks an award of appellate attorney's fees. She did not seek or present evidence of appellate attorney's fees below, so we decline to hold that she is entitled to that relief on appeal. *See In re C.C.E.*, No. 04-20-00416-CV, 2021 WL 3173913, at *3 (Tex. App.—San Antonio July 28, 2021, no pet. h.) (mem. op.). We note that the parties agreed in the divorce decree that each party would be responsible for their own attorney's fees except for the amount awarded in the decree.

/s/    Frances Bourliot
Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain.